John Simmons ISB3156
John Simmons JD LLM Prof Co
796 Memorial Drive
Idaho Falls ID 83402-3586
208 528 9901
johnsimmonslaw@gmail.com

Norman G Reece Jr ISB3898
Norman G Reece PC
445 W Chubbuck Road Ste D
Chubbuck ID 83202
208 233 0128
Fax 208 233 4895
normreecelaw@aol.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **VICKI MICHAEL**, individually and as representative on behalf of a class of similarly situated persons,<br><br>                         Plaintiff,<br><br>v.<br><br>**CONAGRA BRANDS, INC. PENSION PLAN FOR HOURLY PRODUCTION WORKERS**, an employee pension benefit Plan; **CONAGRA BRANDS EMPLOYEE BENEFITS ADMINISTRATIVE COMMITTEE**, the Plan Administrator; **CONAGRA BRANDS APPEALS COMMITTEE** and **DOES I-XX**, individual members of the Plan administrative and/or appeals committees,<br><br>                         Defendants. | Case No. _____<br><br>**CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNTIVE RELIEF, DAMAGES, AND PAYMENT OF PENSION BENEFITS** |

Plaintiff, Vicki Michael ("Vicki"), individually and on behalf of all others similarly situated, by and through her attorneys, John Simmons and Norman G Reece Jr, hereby alleges the following:

## I.    PRELIMINARY STATEMENT

1.    Vicki, a participant in the Defendant ConAgra Brands, Inc Pension Plan for Hourly Production Workers (the "ConAgra Plan"), brings this action on her own behalf and on behalf of all similarly situated participants, their beneficiaries and estates, pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001 *et seq.* ("ERISA").  The Plan Administrator (defendant ConAgra Brands Employee Benefits Administrative Committee, i.e., the "Administrative Committee") specifically named below has failed to comply with the requirements of ERISA in connection with the application of ConAgra Plan provisions, subtracting (i.e., offsetting) more benefits by retirement income from a prior plan than the summary plan description for the ConAgra Plan (Exhibit 1) specifies to be subtracted.  In doing so, the Administrative Committee has failed to apply the ConAgra Plan "for the exclusive purpose of providing benefits to participants…in accordance with the documents and instruments governing" the ConAgra Plan.  The defendant ConAgra Brands Appeals Committee (the "Appeals Committee") has with complicity perpetuated the maladministration by the Administrative Committee.

Vicki seeks to have the benefits properly computed pursuant to the terms of the ConAgra Plan, subtracting only the lesser, appropriate amount of retirement income paid by the prior plans and therefore ConAgra pay the properly-computed benefits.  In the alternative, Vicki asserts a claim under ERISA §404, 29 U.S.C. §1104 that the Administrative Committee and the Appeals Committee have breached their fiduciary duties by not applying the ConAgra Plan for 'the exclusive purpose of providing benefits

to participants and their beneficiaries, i.e. to Vicki and those similarly-situated ConAgra Plan participants.

For these reasons, Vicki, on behalf of herself and similarly-situated ConAgra Plan participants, seeks to impose a constructive trust over those outstanding but as yet unpaid benefits properly due to Vicki and the similarly-situated ConAgra Plan participants, to enable restitution.

## II.    JURISDICTION AND VENUE

2.    Jurisdiction is appropriate under 28 U.S.C. §1331 in that 29 U.S.C. §1132(e) confers jurisdiction upon the District Courts of the United States where, as here, the claims relate to an "employee pension benefit plan" as that is defined within 29 U.S.C. §1001, *et seq*.

3.    Pursuant to 29 U.S.C. §1132(e)(2) ("in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found") and 28 U.S.C. §1391(b)(2) ("a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…"), venue is proper in this District as it is where the ConAgra Plan was administered or where the breach took place because Vicki and other participants in the ConAgra Plan earned and accrued pension benefits while employed here and the ConAgra Plan being 'found' in the District because a substantial part of the ConAgra Plan's administration has taken place in this District, and in this District, a substantial part of the events and omissions giving rise to the claim occurred.

## III.    PARTIES

A. **Plaintiffs**

4.    Plaintiff Vicki Michael ("Vicki") is a participant in the ConAgra Plan, within the meaning of ERISA §3(7), 29 U.S.C. §1002(7).  She resides in Chubbuck, Idaho.  She worked in covered employment within the meaning of the ConAgra Plan from 1974 to

2016.  Her employee ID number is 1750699.

B.  **Defendants and Fiduciary Status**

5.      Defendant ConAgra Brands, Inc. Pension Plan for Hourly Rate Production Workers (the "ConAgra Plan") is an "employee pension benefit Plan" within the meaning of ERISA §3(2)(A), 29 U.S.C. §1002(2)(A), plan number 010 of ConAgra Brands, Inc. (EIN: 47-0248710).   The ConAgra Plan offices are located at One ConAgra Drive, Omaha, Nebraska 68102-5001.  The history of the portion of the ConAgra Plan at issue here is:

a)      Amfac Foods, Inc. established and maintained the Pension Plan for Hourly Bargaining Unit Employees of Amfac Foods, Inc. pursuant to which employees of Amfac Foods, Inc. earned 'benefit service' through June 6, 1988 ("Prior Amfac Plan"), when that Prior Amfac Plan was terminated.

b)      Following the sale of the outstanding common stock of the company by Amfac Foods, Inc, the Prior Amfac Plan was terminated.

c)      As a successor plan for the affected participants of the Prior Amfac Plan, the Pension Plan for Hourly Bargaining Unit Employees of Lamb-Weston, Inc. (plan number 203 of Lamb Weston, Inc (EIN: 47-0717390)) was established effective June 6, 1988, and vesting service credit given thereunder for employment prior to June 8, 1988 to the extent it had been credited under the Prior Amfac Plan.

d)      The Pension Summary Plan Description/January 1, 2013/LWBAR/American Falls ID for the Pension Plan for Hourly Bargaining Unit Employees of Lamb-Weston attached hereto and marked on the first page as "Exhibit 1" (herein referred to as the "Plan Summary") was provided to eligible employees, beneficiaries, etc., including Vicki.

e)      The Pension Plan for Hourly Bargaining Unit Employees of Lamb-

Weston, Inc. was merged effective December 31, 2014 into and has been continued as a part of the ConAgra Plan, which is plan number 10 of ConAgra Brands, Inc. (EIN: 47-0248710).

  f)  The Pension Plan for Hourly Bargaining Unit Employees of Lamb-Weston and the portion of the ConAgra Plan resulting from the merger of the Pension Plan for Hourly Bargaining Unit Employees of Lamb-Weston into the ConAgra Plan shall hereinafter be referred to simply as the "Bargaining Unit Plan".

  g)  On pages 6-8 of the Plan Summary for the Bargaining Unit Plan (Exhibit 1), under the heading "How is My Pension Benefit Calculated?", there is explained the formula for computing benefits under the Bargaining Unit Plan, with a table of rates, equation, step-by-step "Sample Calculation" (hereinafter, the "Benefit Formula").

  h)  The Plan Summary for the Bargaining Unit Plan (Exhibit 1) specifies on page 6 that an employee's benefit service under the Prior Amfac Plan "*is* benefit service under" the Bargaining Unit Plan.

  i)  On pages 6 and 7 of the Plan Summary (Exhibit 1), benefit service taken into account in the Benefit Formula is capped at 35 years ("the 35 Year Cap").  Benefit service years before that are disregarded ("Disregarded Service") in the Benefit Formula.

  6.  Defendant ConAgra Brands Employee Benefits Administrative Committee (the "Administrative Committee") is the administrator of the Bargaining Unit Plan, within the meaning of ERISA §3(16)(A)(i), 29 U.S.C. §1002(16)(A)(i), is a "plan fiduciary" within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21(A) with the authority and control to manage the operation and administration of the Bargaining Unit Plan within the meaning of ERISA §402(a), 29 U.S.C. §1102(a).   The Administrative Committee's

*CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF,*  **Page 5 of 18**
*DAMAGES AND PAYMENT OF PENSION BENEFITS*
*Vicki Michael v ConAgra Brands Inc **et al**, U.S. District Court, District of Idaho*

offices are at One ConAgra Drive, Omaha, Nebraska 68102-5001.

7.      Defendant ConAgra Brands Appeals Committee (the "Appeals Committee") is a "plan fiduciary" within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A).    The Appeals Committee's offices are at 222 W. Merchandise Mart, Suite 1300, Chicago, Illinois 60654.

8.      Defendants Does I-XX are members of the Administrative Committee or Appeals Committee, and as such together in the minimum number necessary to cause the Administrative Committee or the Appeals Committee, respectively, to set policies, take action and make decisions for such committee(s) are a "plan fiduciary" within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A).

9.      The Administrative Committee and its members have exercised authority to and have adopted rules, regulations, and policies for the administration of, to make eligibility and other benefits determinations under, and to interpret and/or effectuate the Bargaining Unit Plan.  Such persons in their official capacities collectively have served as the administrator of the Bargaining Unit Plan, as described in 29 U.S.C. §1002(16).

## IV.      CLASS ACTION ALLEGATIONS

10.      **Class Definition**.  Vicki brings this action on behalf of herself and under Federal Rules of Civil Procedure 23(a), (b)(1) and (b)(2), as representative of the "putative Class", defined as:

> All participants of the ConAgra Brands, Inc. Pension Plan for Hourly Rate Production (the "ConAgra Plan") who worked for Amfac Foods, Inc. ("Amfac") for some time prior to June 8, 1988, and have retired or terminated with more than 35 years of service, and have had all retirement income under the Amfac plan subtracted in the benefits formula under the ConAgra Plan even though that retirement income was partially earned on service not credited in the benefits formula under the ConAgra Plan.

11.      **Numerosity**.  The putative Class is large in number; the exact number and

identities of all putative Class members are currently unknown to Vicki, but are known to Defendants.  The number of putative Class members, who are individuals affected by the Administrative Committee's subtraction of all Prior AmFac Plan retirement income earned from AmFac, part of which service was not credited by ConAgra, is believed to be numerous, so that joinder of all putative Class members is impracticable.  According to the public files of the U.S. Department of Labor, the last annual report (IRS Form 5500) filed for the portion of the ConAgra Plan here at issue shows that at the beginning of 2014 there were 2546 total participants, only 1333 active.  Of the 1,213 inactive participants, many could have retired or terminated with more than 35 years of service and be affected by the maladministration of the Bargaining Unit Plan.  See attached Exhibit 2.

12.    **Commonality**.  There are questions of law or fact common to all members of the putative Class concerning exclusively Defendants' actions and entail consideration of the Bargaining Unit Plan and ERISA provisions, uniformly applicable to all putative Class members.  Resolution of these questions will not require individual inquiry into the actions or circumstances of individual Bargaining Unit Plan participants.  These common questions of law or fact center upon whether under the Bargaining Unit Plan as set forth in the Plan Summary (Exhibit 1) provided to employees it is an abuse of discretion by the Administrative Committee in reducing Bargaining Unit Plan benefits by amounts of Prior Amfac Plan retirement income accrued from Disregarded Service.  This issue applies to all participants of the Bargaining Unit Plan who terminated or retired with more than 35 years of service with Amfac/Lamb-Weston/ConAgra, due to the 35 Year Cap.  This could apply to anyone that retired or terminated since July 1, 2008.

13.    **Typicality**.  Vicki is a member of the putative Class as defined above.  She is affected by the improper application of Benefit Formula of the Bargaining Unit Plan as described on pages 5-7 of the Plan Summary (Exhibit 1) and she asserts the same claims

and legal theories under the same provisions of ERISA and regulations promulgated thereunder that all putative Class members possess with respect to the misapplication of the described benefit formula.

14. **Adequacy**.  Vicki will fairly and adequately protect the interests of the absent members of the putative Class.  Because her claim is typical of those of absent members of the putative Class, Vicki has every incentive to vigorously pursue those claims on behalf of absent putative Class members, and her interests coincide with, and are not antagonistic to, those of the putative Class.  Moreover, Vicki is represented by counsel experienced in ERISA and complex litigation.

15. **Rule 23(b)(1) Requirements**.   The prosecution of separate actions by individual members of the putative Class would create the risk of inconsistent or varying adjudications establishing incompatible standards of conduct for Defendants and a risk of adjudications which as a practical matter would be dispositive of the interests of other members of the putative Class who are not parties.

### V.        FACTS

A. **The Bargaining Unit Plan**

16. The ConAgra Plan is a defined benefit pension plan intended to provide pension benefits to participants who work for ConAgra.

17. The Bargaining Unit Plan portion of the ConAgra Plan is a defined benefit pension plan intended to provide pension benefits to participants who work or have worked for ConAgra and previously worked for Lamb-Weston, Inc. and/or Amfac Foods, Inc. as well.

a) The Benefit Formula is described on pages 6-8 of the Plan Summary (Exhibit 1), under the heading "How is My Pension Benefit Calculated?"

b) "[B]enefit service you earned under the [Prior Amfac Plan] *is* benefit service under" the Bargaining Unit Plan.  Bottom of page 6 of the Plan Summary

(Exhibit 1), under the preceding heading "What is Benefit Service?" (italices in original).

c)      An eligible employee's "monthly pension benefit is calculated according to a formula based on your years of benefit service (up to a maximum of 35 years)".  Bottom of page 5 of the Plan Summary (Exhibit 1), under the heading "How is My Pension Benefit Calculated?".

d)      For those who were participants of the Prior Amfac Plan, the benefit determined per a rate table "will be offset by the monthly benefit amount payable from the [Prior Amfac Plan] *on account of benefit service credited* under" the Bargaining Unit Plan (emphasis added). Middle of page 7 of the Plan Summary (Exhibit 1), under the heading "How is My Pension Benefit Calculated?".

e)      The "Sample Calculation" shown on pages 7-8 of the Plan Summary (Exhibit 1) posit an employee having worked 38 years after December 31, 1973, i.e., through 2011.

f)      That Sample Calculation does not include nor show any credit for the years 1974-1978 in the application of the Benefits Formula; just for years 1979-2011.

g)      As the offset for benefits paid from the Prior Amfac Plan is limited to that "on account of benefit service credited under" the Bargaining Unit Plan, the offset is limited on the example to Prior Amfac Plan benefit service from 1979, and not due to benefit service from 1974-1978.

h)      Following the calculation set forth in the example, the Plan Summary (Exhibit 1) provides that "[t]he maximum amount of benefit service used to calculate your monthly pension benefit is 35 years.  If you have more than 35 years of benefit service, the last 35 years will be used to calculate your

benefit."

i)      In the calculation as illustrated in the Sample Calculation in the Plan Summary (Exhibit 1), the Administrative Committee and the Appeals Committee give no credit for Disregarded Service with Amfac/Lamb-Weston/ConAgra due to the application, yet offset benefits otherwise computed under the Bargaining Unit Plan that were earned during the Disregarded Service period.

j)      That Sample Calculation shows an offset or subtraction of $75 of Amfac benefit; it does not identify from which years working for Amfac, the benefit service for that hypothetical $75 was based.

18.      Nowhere does the Plan Summary (Exhibit 1) specify and imply that there is to be subtracted in the Benefits Formula the retirement income accrued under the Prior Amfac Plan from the Disregarded Service period.

19.      In applying the Benefits Formula, the Administrative Committee and Appeals Committee do not give credit for Disregarded Service, i.e., for those participants of the Bargaining Unit Plan with more than 35 years of service who had service with Amfac from the time before June 8, 1988, but ignores some of their Amfac service when applying the Benefits Formula due to the 35 Year Cap.

20.      In light of the plain and simple language of Plan Summary (Exhibit 1) as illustrated by the Sample Calculation, there should be no subtraction for retirement income from the Prior Amfac Plan that accrued on Disregarded Service.

21.      Nevertheless, in applying the Benefit Formula the Administrative Committee and Appeals Committee have subtracted all retirement income paid from the Prior Amfac Plan, even that portion of the Prior Amfac Plan retirement income that accrued from service for which the Administrative Committee and Appeals Committee give no credit in so applying the Benefits Formula, as illustrated by the Sample Calculation in the Plan Summary (Exhibit 1).

22.     Consequently, a portion of Prior Amfac Plan retirement income subtracted (as specified in ¶21.) is excessive (hereinafter, the "Excessive Subtractions") and contrary to the clear, unambiguous verbiage of the Plan Summary (Exhibit 1), including the illustration of the Sample Calculation.

**B.  Vicki's Claim, its Denial, Appeal and Appeal Denial**

23.     Vicki was employed and worked from October 7, 1974 for Amfac, then Lamb-Weston and finally ConAgra at a processing plant in American Falls, Idaho, until November 9, 2016.

24.     Vicki had 42 years of benefit service (1975-2016) under the Bargaining Unit Plan.

25.     By reason of the 35 Year Cap, Vicki has seven years of Disregarded Service (i.e., 1975-1981).

26.     Vicki is not given credit in the Benefits Formula, as illustrated by the Sample Calculation in the Plan Summary (Exhibit 1)

27.     Those seven years of Disregarded Service were 1975-1981, leaving only the 35 years of service from 1982-2016 as being credited in the Benefits Formula.

28.     Despite the Plan Summary (Exhibit 1) specifying that the only amount to be offset/subtracted is the part of benefits paid by the Prior Amfac Plan "on account of benefit service credited" under the Bargaining Unit Plan, the Administrative Committee and Appeals Committee have reduced the benefits otherwise computed in the Benefits Formula by ALL the retirement income accrued by and paid to Vicki under the Prior Amfac Plan, even by the retirement income accrued during the years 1975-1981 of Disregarded Service.  To the extent that the Prior Amfac Plan benefits were accrued over the years 1975-1981 of Disregarded Service, such is an improper, Excessive Subtraction against Vicki's benefits otherwise computed under the Benefit Formula of the Bargaining Unit Plan.  By reason of the Excessive Subtraction against Vicki's benefits, the

Administrative Committee and Appeals Committee have caused the Plan to pay and it has paid less in benefits to Vicki than she is due under the Bargaining Unit Plan.

29.    In light of the Plan Summary (Exhibit 1) and by reason of the Excessive Subtraction, the Bargaining Unit Plan has failed and continues to fail to pay Vicki the full measure of her benefits accrued and in which she is vested under the Bargaining Unit Plan.

30.    Vicki filed a claim pointing out the error of the Administrative Committee's application of the Benefit Formula by her July 20, 2017 claim letter ("Vicki's Claim"), which is attached as Exhibit 3, seeking the restoration of the Excessive Subtraction against her benefits under the Bargaining Unit Plan.

31.    For the ConAgra Plan, Ryan Egan, Vice President of Human Resources for ConAgra Brands, Inc, denied Vicki's Claim in a letter to Vicki dated September 13, 2017, which is attached as Exhibit 4.

32.    Egan admitted that as a fiduciary, the Administrative Committee has a duty under ERISA to follow the specific terms of the ConAgra Plan.

33.    Egan explained provisions from the wrong portion of the ConAgra Plan as the basis for the denial; instead of the Bargaining Unit Plan portion, Egan referred to provisions from the "Pension Plan for Hourly *Non-Bargaining* Unit Employees of Amfac Foods, Inc." as the prior plan.

34.    Egan incorrectly stated in his denial letter of September 13, 2017 that "the number of years of service under the Prior [Amfac] Plan does not impact the 35-year maximum."

35.    As a justification for the decision not to honor Vicki's Claim and continuing to assert that the Excessive Subtraction against Vicki's benefits, Egan also noted that as a fiduciary, the Administrative Committee's duty is to "administer" the terms of the ConAgra Plan "consistently for all participants."

36.     Egan did not make any mention or acknowledge that the Administrative Committee's fiduciary duties are to be discharged for 'the exclusive purpose of providing benefits to participants and their beneficiaries' as required by 29 USCode §1104(a)(1) (i.e., ERISA §404(a)(1)).

37.     Vicki timely filed an administrative appeal to the ConAgra Brands, Inc. Appeals Committee ("Vicki's Appeal"), in which she stated that:

> I appeal that denial because it subtracts benefits [retirement income] I earned more than 35 years before my retirement.  Since service more than 35 years earlier doesn't count in determining my benefits, retirement pay I earned more than 35 years ago should not reduce my benefits under this plan.

> If others before me have been wrongly denied their benefits, that is not justification for denying me mine.

38.     For the ConAgra Plan, Ryan Egan, Vice President of Human Resources for ConAgra Brands, Inc, explained that the Appeals Committee had denied Vicki's Appeal for a restoration of the excessively subtracted amount in a letter to Vicki dated December 21, 2017, which is attached as Exhibit 5.

39.     Egan stated in his appeal denial letter of December 21, 2017 that the Excessive Subtraction "was properly applied in accordance with Section 4.02-1 and Appendix I" of the plan documents of again the wrong "Pension Plan for Hourly *Non-Bargaining* Unit Employees of Amfac Foods, Inc." (and "Your benefit was calculated in accordance with the Plan.").

40.     Egan again claimed that "the number of years of service under the Prior [Amfac] Plan did not impact the 35-year maximum."

41.     Egan again admitted in his December 21, 2017 appeal denial letter that as a fiduciary, the Administrative Committee has a duty under ERISA to follow the specific terms of the ConAgra Plan.

42.     Reiterating the justification for the decision not to honor Vicki's Claim for

restoration of the Excessive Subtraction, Egan again noted that as a fiduciary, the Administrative Committee's duty is to "administer" the terms of the ConAgra Plan "consistently for all participants."

43. Egan did not make any mention or acknowledge that the Appeals Committee's fiduciary duties are to be discharged for 'the exclusive purpose of providing benefits to participants and their beneficiaries' as required by 29 USCode §1104(a)(1) (i.e., ERISA §404(a)(1)).

44. Never having acknowledged any understanding of Vicki's position, Egan cutoff further communications that might have led to resolving the dispute over the claim and thus might have avoided the need for the litigation initiated by this complaint.

45. In bold font, Egan concluded the December 21, 2017 appeal denial letter: "**If you decide that you would like to further pursue this claim, you must bring a civil action in federal court. No other communication with the Plan office will be accepted on this matter.**"

46. The members of the putative Class who have not made formal claims for or sought to appeal from the denial of their claims for the Excessive Subtractions against their benefits under the Bargaining Unit Plan are excused from pursuit of administrative remedies based on futility.

## VI. CLAIMS FOR RELIEF

COUNT I **Declaratory Judgment and Injunctive Relief—For Breach of ERISA Fiduciary Duties by Subtracting Excessive Amounts From Benefits Calculated Under Bargaining Unit Plan, Against All Defendants.**

47. Vicki, for herself and for the putative Class, repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

48. ERISA requires that fiduciaries discharge their "duties with respect to a plan solely in the interest of the participants and beneficiaries" (ERISA §404(a)(1);

29 U.S.C. §1104(a)(1))—

a) "for the exclusive purpose of providing benefits to participants and their beneficiaries" (ERISA §404(a)(1)(A)(i); 29 U.S.C. §1104(a)(1)(A)(i)) and

b) "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions" of ERISA, Title I  (ERISA §404(a)(1)(D); 29 U.S.C. §1104(a)(1)(D)).

49.     The Excessive Subtractions are the result of a clearly erroneous application of the Benefit Formula as explained in the Plan Summary (Exhibit 1) and illustrated by the Sample Calculation.

50.     The Administrative Committee went beyond the bounds of its discretion (page 17 of the Plan Summary (Exhibit 1)), especially given the statutory injunctive that the fiduciary duties be exercised in the sole interests of the participants and beneficiaries, by unreasonably applying the Benefit Formula explained in the Plan Summary (Exhibit 1) and illustrated by the Sample Calculation, by making the Excessive Subtractions.

51.     The Administrative Committee breached and continues to breach its fiduciary duties imposed by ERISA §404 (29 U.S.C. §1104(a)(1)(A)(i) and (D)) in making the Excessive Subtractions.

52.     The Appeals Committee breached its fiduciary duties imposed by ERISA §404 (29 U.S.C. §1104(a)(1)(A)(i) and (D)) by perpetuating the unreasonable application of the Benefit Formula explained in the Plan Summary (Exhibit 1) and illustrated by the Sample Calculation, by making the Excessive Subtractions.

53.     As a result, Vicki seeks declaratory judgment that in light of the Plan Summary (Exhibit 1) and its Sample Calculation illustration, ERISA does not permit the Excessive Subtractions.

54.     Vicki further seeks injunctive relief ordering Defendants to recalculate the

benefits under the Bargaining Unit Plan for Vicki and each member of the putative Class whose benefits are already in pay status who are entitled to restitution of the Excessive Subtraction against his or her benefits under the Bargaining Unit Plan.

COUNT II      **For Breach of Fiduciary Duty under ERISA §404 in Failing to Discharge Their Duties 'Solely in the Interest of the Participants and Beneficiaries'**

55.      Vicki, for herself and for the putative Class, repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

56.      ERISA §404(a)(1), (1)(A)(i) and (1)(D), 29 U.S.C. §§1104(a)(1), (1)(A)(i) and (1)(D), provide that "a fiduciary shall discharge his duties with respect to a Plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; … (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of" ERISA, Title I.

57.      Other than the ConAgra Plan itself, the Defendants are ERISA Plan fiduciaries, and in setting policies, determining benefits and otherwise making decisions for the application of the benefit calculation under the Benefit Formula explained in the Plan Summary (Exhibit 1) and illustrated by the Sample Calculation when making the Excessive Subtractions, such Defendants breached their duties under ERISA §404(a)(1), 29 U.S.C. §§1104(a)(1) to the participants and beneficiaries of the Bargaining Unit Plan by deciding to make and perpetuating the Excessive Subtractions against the benefits otherwise calculated under the Bargaining Unit Plan.

58.      As a result, Vicki seeks declaratory and injunctive relief consisting of an order invalidating the Excessive Subtractions against the benefits of Vicki and putative Class members under the Bargaining Unit Plan.

59.      Vicki further seeks injunctive relief ordering Defendants to reinstate benefits, both for herself and each member of the putative Class, under the Bargaining

Unit Plan to the extent wrongly and excessively subtracted due to Prior Amfac Plan retirement income earned from service not counted in the benefits computation under the Bargaining Unit Plan.  Vicki also seeks reinstatement and restitution of benefits equal in amount to the Excessive Subtractions from benefit payments already made, which have wrongfully been withheld from Vicki and the members of the putative Class.

## VII.        PRAYER FOR RELIEF

**WHEREFORE**, Vicki prays that this Court enter judgment as follows:

A.  Certifying this action as a class action;

B.  Declaring that it was an abuse of discretion for and breach of fiduciary duty by the Administrative Committee (as well as Does I-XX serving on that committee) to make the Excessive Subtractions in calculating the benefits of participants under the Bargaining Unit Plan;

C.  Declaring that it was an abuse of discretion for the Appeals Committee (as well as Does I-XX serving on that committee) to affirm the clearly erroneous denial of Vicki's claim made July 20, 2017 for the Excessive Subtraction against her benefits under the Bargaining Unit Plan;

D.  Ordering Defendants to (re-)calculate the benefits of Vicki and putative Class members pursuant to the Bargaining Unit Plan without the Excessive Subtractions;

E.  Ordering Defendants to provide make-whole payments plus interest to Vicki and each putative Class member already receiving pension benefits from the Bargaining Unit Plan;

F.  Awarding Vicki

    (1) costs, disbursements and expenses herein;

    (2) reasonable attorneys' fees; and

G.  Awarding the putative Class such other and further relief as the Court may deem just, proper and equitable.

DATED: 6.18.2018

John Simmons
An attorney for Vicki Michael

Exhibit 1//Michael v ConAgra

1-866-275-4722

# *Pension Summary Plan Description*

*January 1, 2013*

*LWBAR*

*American Falls, ID*



*Esta Descripción Resumida del Plan contiene un resumen en idioma inglés de los derechos y beneficios que otorga el Plan de Pensiones. De encontrar dificultades en la comprensión de cualquier parte de esta Descripción Resumida del Plan, solicite asistencia a su Departamento de Recursos Humanos local.*

# Table of Contents

**How To Use This Summary Plan Description (SPD)**.................................................................1

    Plan Document.................................................................................................................................1

**About The Plan**.................................................................................................................................1

**Plan Highlights**.................................................................................................................................2

    Plan LWBAR - American Falls, ID.................................................................................................2

**Benefit Descriptions**.........................................................................................................................4

    What Does The Plan Do?..................................................................................................................4

    When Am I Eligible To Participate?.................................................................................................4

    What Is Vesting?..............................................................................................................................4

    What Is Vesting Service?..................................................................................................................5

    How Do I Earn Vesting Service?.....................................................................................................5

    Determining an Hour of Service.......................................................................................................5

    Determining A Break In Service.......................................................................................................5

    What Is Benefit Service?..................................................................................................................6

    How Is My Pension Benefit Calculated?.........................................................................................6

    What Is Normal Retirement?............................................................................................................8

    What Is Early Retirement?................................................................................................................8

    What Happens If I Leave ConAgra Foods Before I Can Retire?....................................................9

    What Happens If I Become Disabled?............................................................................................10

    Getting Ready To Retire.................................................................................................................11

    What Are My Payment Options?....................................................................................................11

    What Happens If I Return to Work After I Retire?........................................................................13

    What Happens To My Pension If I Die?.........................................................................................13

    What About Taxes?........................................................................................................................15

    Glossary Of Terms.........................................................................................................................15

**Administrative Information**............................................................................................................17

    Plan Sponsor..................................................................................................................................17

    Plan Administrator..........................................................................................................................17

Contributions And Assets...........................................................................................................17

Plan Year...................................................................................................................................17

Service Of Legal Process............................................................................................................18

Amendment Or Termination.......................................................................................................18

Uniformed Services Employment And Reemployment Rights Act (USERRA).......................18

Claims Review...........................................................................................................................19

Loss of Benefits and Qualified Domestic Relations Orders.....................................................19

Limit on Benefits.......................................................................................................................20

Your ERISA Rights....................................................................................................................20

Plan  Insurance...........................................................................................................................22

**Collective Bargaining Agreement............................................................................................23**

## How To Use This Summary Plan Description (SPD)

This Summary Plan Description (SPD) booklet is designed to provide an easy way to reference information about the Pension Plan for Hourly Bargaining Unit Employees of Lamb-Weston, Inc. In it, you will find:

- **Plan Highlights** This section provides specific information about who is eligible to participate in the pension plan and plan highlights.
- **Benefit Descriptions** This section provides specific information about the plan.
- **Administrative Information** This section provides details about the administration of the plan as well as your rights as a participant.

Please take some time to familiarize yourself with your plan SPD. To use this booklet, it is best to look in the Plan Highlights and Benefit Description sections for the most complete information about your pension plan. If you have any questions regarding your plan after reading this booklet, please contact the Pension Service Center.

Participation in the pension plan does not give you the right to continued employment with the Company, nor does it entitle you to benefits, except as provided by the plan.

This SPD describes the plan as amended through January 1, 2013.

## Plan Document

This booklet describes the Pension Plan for Hourly Bargaining Unit Employees of Lamb-Weston, Inc. This booklet is not intended to be legally binding. If the terms and conditions described in this booklet and the provisions of the plan document do not agree, the plan document will govern.

## About The Plan

The pension plan can help provide a regular monthly income after you retire.

Your pension benefits — together with other sources of retirement income — can replace part or all of your pre-retirement income so you can enjoy a similar standard of living as before retiring.

**The Company pays the full cost of your pension plan.**

## Plan Highlights

This section provides plan highlights — please refer to the Benefit Descriptions section for full details and additional information about the pension plan.

## Plan LWBAR - American Falls, ID

| PLAN HIGHLIGHTS | |
|---|---|
| **(See Benefit Descriptions for Details)** | |
| **Eligibility** | The pension plan is provided for hourly union paid employees of ConAgra Foods at the Lamb-Weston, Inc. American Falls, Idaho location who are members of the collective bargaining unit represented by the union and who have completed 1,000 hours of service during (i) their first 12 months of employment or (ii) any calendar year following their date of hire. |
| | Note: If you would like a list of all other classes of participants who are eligible for different benefits under the pension plan, contact the Pension Service Center. (See the Administrative Information section for contact information.) |
| **When You Can Receive Your Pension Benefit** | • **Normal Retirement:** You can begin receiving your pension benefit following your normal retirement date - age 65. <br>• **Early Retirement:** Reduced benefits may begin as early as age 55 if you have at least ten years of vesting service when you terminate employment. <br>• **Disability Retirement.** If you cannot work on account of a disability qualifying you for Social Security benefits and have ten years of vesting service, you can begin receiving a disability pension. <br>• **Deferred Vested Retirement:** If you are vested in the pension plan (five years of vesting service) and leave the Company before age 65, you will be entitled to receive a deferred vested benefit at age 65. If you have ten or more years of vesting service when you terminate employment, reduced deferred vested pension payments may begin as early as age 55. <br>• No pension is paid if you are not vested at the time you leave ConAgra Foods. |
| **How Your Pension Is Paid** | Your benefit may be paid as: <br>• A monthly pension for your life; <br>• A pension for your life, and a reduced pension (either 50%, 66 2/3, 75% or 100% of your monthly pension) for your designated beneficiary; or <br>• If you select early retirement, an annuity that pays a larger benefit before the date you may first receive Social Security benefits and a reduced benefit after Social Security benefits commence, in order that your combined pension and Social Security payments are approximately level through your retirement. <br><br>If the single lump sum value of your benefit is $5,000 or less, you may also elect to receive it as a single lump sum payment. |

| PLAN HIGHLIGHTS |
|---|
| **(See Benefit Descriptions for Details)** |
| **Survivor Benefits** <br><br> • If you die after you retire, the survivor benefit (if any) your beneficiary may receive is the one available under the pension benefit form you selected. <br> • If you die before your pension commences, and you are either (i) actively employed by ConAgra Foods, Inc. or (ii) a vested terminated participant, your designated beneficiary may receive a lump sum death benefit from the plan. <br> • If you die before retirement, but with less than ten years of vesting service your spouse may receive a survivor pension benefit after your 65th birthday. <br> • If you earn ten or more years of vesting service before you die, your spouse may begin receiving survivor pension benefits on the later of the first day of the month that follows your death or your 55th birthday. |

## Benefit Descriptions

This section gives you detailed descriptions of the pension plan.

### What Does The Plan Do?

When you retire, you'll need to replace part or all of your pre-retirement income to maintain the standard of living you enjoyed before retirement. For most people, this targeted retirement income will probably come from three sources:

- Your personal savings and investments.
- Your Social Security benefit.
- The benefit you may earn from the pension plan.

The pension plan can help provide a regular monthly income after you retire. **The Company pays the entire cost of the plan.**

The amount of your pension benefit will depend on your length of benefit service, the monthly benefit rates applicable for your years of benefit service, your age at retirement and the form of payment you select.

### When Am I Eligible To Participate?

To participate in the plan, and receive the benefits described in this summary, you must be employed by the Company at its American Falls, ID facility and be an hourly paid employee who is a member of the collective bargaining unit represented by the Teamsters Local #983.

You are eligible to participate in the plan on the first day of the month following:

- the anniversary of your date of hire after the completion of 1,000 hours of service in the first twelve months of employment, or
- if the above is not satisfied, the January 1st following the completion of 1,000 hours of service in a calendar year.

You will be automatically enrolled in the plan at the time you become eligible to participate.

### What Is Vesting?

The word vested can refer to you or your pension benefit. When you are vested, or when your pension benefit is vested, means you have been with the Company long enough to receive a pension benefit from the plan.

You will become vested in your pension benefit after five years of vesting service or, if you are still actively employed by a ConAgra Foods Company, when you reach age 65. Keep in mind that you must have satisfied the plan's eligibility requirements before you are vested.

If you leave the Company after your pension benefit is vested, you will be eligible to receive a pension benefit when you reach age 65.

If you leave the Company before your pension benefit is vested, you will forfeit your pension benefit.

## What Is Vesting Service?

You begin accumulating vesting service as soon as you start working for a ConAgra Foods Company. Your years of vesting service are used to determine when:

- your pension benefit is vested; and
- you are eligible to receive benefits.

## How Do I Earn Vesting Service?

You earn one year of vesting service for each calendar year of employment with a ConAgra Foods Company in which you work 1,000 hours. If you work less than 1,000 hours, but at least 500 hours, you will receive a partial year of service determined by dividing your hours worked by 1,000. For years prior to January 1, 1991, no partial year of service is credited if less than 1,000 hours.

For employment prior to June 8, 1988, you receive vesting service equal to the vesting service credited under the Pension Plan for Hourly Bargaining Unit Employees of Amfac Foods, Inc.

You begin earning vesting service on the day you are hired and you will accumulate vesting service for as long as you work for a ConAgra Foods Company. If you leave ConAgra Foods, however, a break in service may occur.

## Determining an Hour of Service

An hour of service includes:

- Hours, whether or not worked, for which you are directly or indirectly paid or entitled to payment.
- Regularly scheduled hours during a military or FMLA leave of absence (provided you return after the end of the leave).
- Regularly scheduled hours of leave when an individual is receiving payments from ConAgra Foods, Inc. or from an insurance company under ConAgra Foods' short-term or long-term disability plans.
- Hours covered by a back pay award or agreement, regardless of mitigation of damages, unless already counted.
- Hours paid for at or after termination of employment for, disability, layoff or jury duty or unused vacation, holiday or sick leave.

Generally the hours described above will count as vesting service, and, with the exception of FMLA leave, will count as benefit service, as long as the hours were earned while you were a participant in the Plan and a member of the collective bargaining unit covered by the plan.

## Determining A Break In Service

A break in service occurs when you work less than 501 hours in a calendar year.

A five-year break in service occurs when you have five consecutive one-year breaks in service. However, a one-year break in service will not be counted as part of the five-year break in service if:

hours of service in the prior year equal 600 or more, or

- you have at least 7,500 hours of benefit service and your hours of service in the year plus your hours of service in the prior two years equal 600 or more.

If you leave ConAgra Foods **after** your pension benefit is vested, and you return to work later, you will begin earning vesting service on the first day you return to work.

If you leave ConAgra Foods **before** your pension benefit is vested and return to work after you have a break in service, the vesting service you had accumulated before the break in service will be reinstated if you return to work before incurring a five-year break in service, in that case you will be eligible to participate in the plan as a new employee after again satisfying the eligibility requirements.

A one-year break in service will not begin until the second plan year in which you work less than 501 hours due to an authorized absence from work due to:

- your pregnancy;
- the birth of your child;
- your adoption of a child; or
- caring for your child after birth or adoption.

## What Is Benefit Service?

Benefit, **not** vesting, service will be used to determine the amount of your pension benefit.

You earn one year of benefit service for each calendar year of employment in which you work at least 1,000 hours. If you work less than 1,000 hours, but at least 500 hours, you will receive a partial year of service determined by dividing your hours worked by 1,000. If you work less than 500 hours in a year, you receive no partial year of benefit service except in the year or retirement, disability or death. For years before 1991, the requirement for a full year of benefit service was 1,875 with partial credit with at least 1,000 hours. In limited circumstances you may also receive prorated credit upon rehire after a break in service.

You do not receive benefit service for employment prior to becoming a participant in the plan or if you transfer to a position or location not covered under the plan.

However, benefit service you earned under the prior plan (Pension Plan for Hourly Bargaining Unit Employees of Amfac Goods, Inc.) *is* benefit service under this plan.

The maximum amount of benefit service used to calculate your pension benefit is 35 years.

**Benefit service does not include any employment BEFORE July 1, 1973.**

## How Is My Pension Benefit Calculated?

The amount of your monthly pension benefit is calculated according to a formula based on your years of benefit service (up to a maximum of 35 years) and the monthly benefit rate, both shown below.

Monthly Benefit Rates x Benefit Service

EQUALS

Monthly Pension Benefit

| For Benefit Service Earned | The Monthly Benefit Rate Is |
|---|---|
| Before January 1, 1975 | $4.00   *Jan 7, 2013  30.00 to Jan 3 2016* |
| January 1, 1975 to December 31, 1976 | $6.00   *Year 2016   23.00* |
| January 1, 1977 to December 31, 1978 | $7.20 |
| January 1, 1979 to December 31, 1982 | $8.20 |
| January 1, 1983 to December 31, 1983 | $10.00 |
| January 1, 1984 to December 31, 1991 | $11.00 |
| January 1, 1992 to December 31, 1994 | $12.00 |
| January 1, 1995 to December 31, 1997 | $14.00 |
| January 1, 1998 to December 31, 2000 | $16.00 |
| January 1, 2001 to December 31, 2005 | $18.00 |
| January 1, 2006 to December 31, 2006 | $23.00 |
| January 1, 2007 to December 31, 2011 | $24.00 |
| On and after January 1, 2012 | $27.00 |

**If you were a participant of the prior plan (Pension Plan for Hourly Bargaining Unit Employees of Amfac Foods, Inc.), the benefit determined above will be offset by the monthly benefit amount payable from the prior plan on account of benefit service credited under this plan. Your benefit will be rounded up to the next highest 50 cents, if not already an even multiple of 50 cents.**

### Sample Calculation

Now, let's see how this formula works. Well calculate the monthly pension benefit for an employee retiring at age 65 with 38 years of service after December 31, 1973 and an Amfac benefit of $75.00:

4 years of benefit service from 1979 to 1982 x $8.20 = $32.80

PLUS

1 year of benefit service for 1983 x $10.00 = $10.00

PLUS

8 years of benefit service from 1984 through 1991 x $11.00 = $88.00

PLUS

3 years of benefit service from 1992 through 1994 x $12.00 = $36.00

PLUS

3 years of benefit service from 1995 through 1997 x $14.00 = $42.00

PLUS

3 years of benefit service from 1998 through 2000 x $16.00 = $48.00

5 years of benefit service from 2001 through 2005 x $18.00 = $90.00

PLUS

1 years of benefit service for 2006 x $23.00 = $23.00

PLUS

5 years of benefit service for 2007 through 2011 X $24.00 = $120.00

EQUALS

Total Monthly Pension = $489.80

MINUS

Amfac benefit = $75.00

EQUALS

**Monthly Pension Benefit payable from this plan = $414.80**
(rounded up to $415.00)

The maximum amount of benefit service used to calculate your monthly pension benefit is 35 years. If you have more than 35 years of benefit service, the last 35 years will be used to calculate your benefit.

**NOTE:** This example is intended to illustrate in general terms how a monthly pension benefit is calculated. Actual calculations may vary.

## What Is Normal Retirement?

The plan's normal retirement age is 65. If you retire when you reach age 65, you may begin receiving benefits on the first day of the month that falls on or follows your 65th birthday. If you retire after age 65, benefits can begin on the first day of the month that falls on or follows your retirement.

## What Is Early Retirement?

You may not want to wait until age 65 to retire. If you are from 55 through 64 years of age and have ten or more years of vesting service with a ConAgra Foods Company, you are eligible to take early retirement.

If you elect early retirement, your pension benefit can begin on the first day of any month that falls on or follows your retirement date.

Bear in mind that the monthly pension benefit you'll receive if you begin receiving benefits early is less than the monthly pension benefit you'll receive if you begin receiving benefits at or after age 65. The amount of your early retirement benefit will be less than the amount of your normal retirement benefit because you will complete fewer years of service. Another reason early retirement benefits are lower than normal retirement benefits is that the benefit payments for someone who retires early are expected to be received over a longer period of time.

Here is a chart that shows the percentage of your accrued benefit you can receive if you retire from the Company after age 55 and have completed at least ten years of vesting service and you elect to receive your benefits before age 65.

| When Benefits Begin At Age | Percentage You Receive* |
|---|---|
| 65 | 100.0% |
| 64 | 100.0% |
| 63 | 100.0% |
| 62 | 100.0% |
| 61 | 92.8% |
| 60 | 85.6% |
| 59 | 78.4% |
| 58 | 71.2% |
| 57 | 64.0% |
| 56 | 59.2% |
| 55 | 54.4% |

*For fractional ages, the above values are adjusted.

Your benefit will be rounded up to the next highest 50 cents, if not already an even multiple of 50 cents.

### Sample Calculation

Now, let's see how these factors apply. From the earlier example, we will assume the participant is age 59 and all other factors are unchanged. We'll calculate the monthly pension benefit payable assuming the employee begins receiving benefits at age 59.

$$\$415 \times .784 = \$325.36 \text{ (rounded up to \$325.50)}$$

**NOTE:** This example is intended to illustrate in general terms how a monthly pension benefit is calculated. Actual calculations may vary.

## What Happens If I Leave ConAgra Foods Before I Can Retire?

If you leave ConAgra Foods before you reach age 65 and before you have completed five years of vesting service, you are not eligible to receive a pension benefit.

But, if you leave the Company before you're age 65 and after you're vested in your pension benefit (after you have completed five years of vesting service), you are eligible to receive a deferred vested pension benefit when you reach age 65.

If you have completed at least ten years of vesting service when you leave the Company, you may receive a reduced pension payable as early as the first of the month following your 55th birthday.

A deferred vested pension benefit is not paid to you when you leave the Company. Instead, it is deferred, or postponed, until you reach age 65 or, if you are eligible and you elect, as early as age 55.

The following chart shows the percentage of your accrued benefit you will receive if you leave the Company before age 55 and after completing at least ten years of vesting service and you elect to receive your benefits before age 65.

| When Benefits Begin At Age | Percentage You Receive* |
|---|---|
| 65 | 100.0% |
| 64 | 92.8% |
| 63 | 85.6% |
| 62 | 78.4% |
| 61 | 71.2% |
| 60 | 64.0% |
| 59 | 59.2% |
| 58 | 54.4% |
| 57 | 49.6% |
| 56 | 44.8% |
| 55 | 40.0% |

*For fractional ages, the above values are adjusted.*

Your benefit will be rounded up to the next highest 50 cents, if not already an even multiple of 50 cents.

## What Happens If I Become Disabled?

If you cannot work because of an illness or injury, you may receive a disability pension benefit. To be eligible you must meet all of the following requirements:

- Complete ten years of vesting service.
- Receive a disability benefit under the U.S. Social Security Act.

Disability pension benefits begin on the first day of the month following disability. The amount of the disability pension benefit will be equal to 55% of your accrued benefit as calculated as of the date you terminate or retire from the Company, but will be reduced by the amount of any monthly worker's compensation payment (to the extent such payments are not already offset against your Social Security disability pension). If you are age 55 at the time you qualify for disability retirement, you may choose between the disability pension or taking early retirement. If you take the disability benefit, you can elect at any time to stop and take the early retirement benefit, if you qualify.

If you cease to receive disability benefits under the U.S. Social Security Act before your normal retirement date, disability pension benefits under the plan will also cease and additional benefits, if any, will be paid as otherwise provided under the plan. Your disability pension will cease at age 65, and you will become eligible for a normal retirement pension based on the pension you accrued at the time you became disabled.

Your disability retirement benefit will be rounded up to the next highest 50 cents, if not already an even multiple of 50 cents.

## Getting Ready To Retire

As you near retirement, you will want to consider your various sources of retirement income to be sure you will be able to maintain your standard of living when you are no longer working. This includes not only your ConAgra pension plan, but also other sources of savings (such as any Company savings plan you may participate in) and your Social Security benefit. (You can request an estimate of your Social Security benefit by visiting, writing or telephoning your local or regional Social Security Administration office, or visiting www.ssa.gov.)

**If you are thinking of retiring in the next year,** IRS rules state that you must receive a written estimate of your ConAgra pension benefit 30 to 90 days before the date your benefit payments are to begin. **You must call the ConAgra Foods Pension Service Center 60 to 90 days before your scheduled retirement date** to ensure that this timing requirement can be met. Within 30 days of your call, the Pension Service Center will mail you a retirement packet for you to review and complete.

Call the Pension Service Center at 1-800-872-2257 between 8 a.m. and 4:30 p.m. Central time.

## What Are My Payment Options?

The payment options available when you retire depend on the actuarial value of your pension benefit.

If the actuarial value of your benefit is $5,000 or less, you may elect to receive this amount in a single lump sum payment. Or, regardless of the value of your benefit, you may choose any of the following annuity payment options. An annuity is a payment made to you at a regular interval, such as at the beginning of a month.

Annuity options available through this pension plan are paid monthly. This chart outlines the payment options available when you retire.

_what happens if quit_

| With This Option | Your Benefit Is Paid In This Manner |
|---|---|
| Life Annuity | You will receive the monthly pension benefit for as long as you live. When you die, all payments will stop; no money is paid to your spouse or a beneficiary. |
| 50% Joint and Survivor Annuity | You will receive a reduced monthly pension benefit for as long as you live. After you die, your surviving beneficiary will receive one-half of the monthly pension benefit you were receiving for the rest of his or her life. The amount of the pension benefit will be determined by your age and the age of your beneficiary when benefits begin. |
| 66-2/3% Joint and Survivor Annuity | You will receive a reduced monthly pension benefit for as long as you live. After you die, your surviving beneficiary will receive two-thirds of the monthly pension benefit you were receiving for the rest of his or her life. The amount of the pension benefit will be determined by your age and -the age of your beneficiary when benefits begin. |
| 75% Joint and Survivor Annuity | You will receive a reduced monthly pension benefit for as long as you live. After you die, your surviving beneficiary will receive three-fourths of the monthly pension benefit you were receiving for the rest of his or her life. The amount of the pension benefit will be determined by your age and the age of your beneficiary when benefits begin. |
| 100% Joint and Survivor Annuity | You will receive a reduced monthly pension benefit for as long as you live. After you die, your surviving beneficiary will receive the same monthly pension benefit you were receiving for the rest of his or her life. The amount of the pension benefit will be determined by your age and the age of your beneficiary when benefits begin. |
| Social Security Level Income Option | This option is available if you retire from active employment with the Company and begin benefits before age 62. You will receive a monthly pension benefit for as long as you live. The amount of the monthly benefit you receive before age 62 will be larger than the monthly amount payable after age 62. The difference between the two amounts is your estimated Social Security benefit payable at age 62. This option provides an approximately constant total retirement income (pension and Social Security) both before and after your Social Security begins. |

**Special Note:** If you designate a beneficiary other than your spouse and your beneficiary is more than 10 years younger than you, you may not be permitted to elect a 100%, 75% or 66-2/3% joint and survivor

annuity. This is due to a federal pension rule that limits the total amount of benefits that may be paid to non-spouse beneficiaries. You will be advised if you are affected by this rule.

**Amounts Payable Under Various Forms of Payment**

The different payment forms are designed to produce "actuarially equivalent" benefits. What this means is that each form of payment is intended to pay out the same amount of benefits in total, based on average life expectancies.

If you receive your benefit in the form of a joint and survivor annuity, your monthly pension will be actuarially reduced to reflect the fact that your benefits may be paid over two lifetimes. The amount of your reduction will be based on your age and your beneficiary's age when payments begin, and on your life expectancies.

The Pension Service Center will give you the dollar amounts of the various pension options upon request or when you get ready to commence your benefits. This information is included in the retirement packet you receive from the Pension Service Center when you notify ConAgra that you plan to retire (see "Getting Ready To Retire").

## What Happens If I Return to Work After I Retire?

If you retire, begin receiving your pension benefits, and then return to work for a ConAgra Foods Company:

- You will continue to receive your pension benefit while you work, as well as a paycheck.
- Then when you retire, your pension benefit may be adjusted to reflect:
  - the additional service you earned after you returned to work, and
  - the amount of benefit you already have received.

If you are rehired after a termination of employment, but have not yet begun receiving pension benefits, you will not be eligible to begin receiving a pension until your subsequent normal or early retirement date.

## What Happens To My Pension If I Die?

If you die before you are vested or if you die before your pension benefit payments begin and you are not married at the time of your death, no pension benefit is paid.

If you die before your pension benefit payments begin, your spouse may be eligible to receive a survivor pension benefit. The survivor pension benefit is payable provided you have completed at least five years of vesting service or you are actively employed by a ConAgra Foods Company at age 65 or older (you are vested).

If you are eligible for early retirement when you die, your surviving spouse can begin receiving reduced benefits immediately.

If you are not eligible for early retirement when you die, your spouse can begin receiving benefits on the first day of the month that falls on or follows your 65[th]birthday or, you have ten years of vesting service when you die and your spouse elects, as early as the first day of the month that falls on or follows your 55th birthday.

If the actuarial value of the surviving spouse benefit is $5,000 (or the maximum permitted by law) or less, your surviving spouse may elect to receive this amount in a single lump sum payment. If the actuarial value of the surviving spouse benefit is greater than $5,000, monthly benefits will be paid to your spouse in the form of a Life Annuity.

The amount of the survivor pension is the benefit that would have been payable to your spouse had you begun receiving payments under the 50% Joint and Survivor Annuity payment option on the day before your death or, if later, on the first day you could have elected for benefits to begin. This means that your qualifying spouse will receive one-half of the 50% Joint and Survivor Annuity benefit you would have received if you had lived.

If you die after you retire and have begun receiving a monthly pension benefit, any surviving beneficiary will be entitled to receive only the benefits that are payable in accordance with the terms of the payment option you selected.

In addition to the survivor benefits described above, if you die while a participant and actively employed or if you are a vested terminated participant and have not started receiving pension benefits, your beneficiary will receive a lump sum death benefit upon your death.

The amount of the lump sum death benefit is the lesser of:

- your hours of benefit service (up to a maximum of 1,875 hours per year) times the death benefit per hour of benefit service rate from the table below; and
- the maximum death benefit from the following table.

| For Benefit Service Earned | The Death Benefit per Hour of Benefit Service Is | The Maximum Death Benefit Is |
|---|---|---|
| Before 1/1/1975 | $.05 | $2,100 |
| 1/1/1975 to 12/31/1976 | $.075 | $3,150 |
| 1/1/1977 to 12/31/1978 | $.10 | $3,780 |
| 1/1/1979 to 12/31/1982 | $.16 | $4,305 |
| 1/1/1983 to 12/31/1983 | $.20 | $5,250 |
| 1/1/1984 to 12/31/1991 | $.22 | $5,775 |
| 1/1/1992 to 12/31/1994 | $.24 | $6,300 |
| 1/1/1995 to 12/31/1997 | $.28 | $7,350 |
| 1/1/1998 to 12/31/2000 | $.32 | $8,400 |
| 1/1/2001 to 12/31/2005 | $.36 | $9,450 |
| 1/1/2006 to 12/31/2006 | $.46 | $12,075 |
| On or after 1/1/2007 | $.48 | $12,600 |

## What About Taxes?

Generally, your benefit from the pension plan is taxable when you receive it. If you receive monthly pension payments, federal income taxes are withheld from each monthly payment unless you elect to have no taxes withheld.

If you leave the company and are eligible for and elect to receive a single lump sum distribution of pension benefits of $5,000 or less, you have a number of options.

If your benefits are distributed in a lump sum payment, you may defer paying taxes on your distribution if you "directly roll it over" into an individual retirement account (IRA) or another eligible employer plan. Payments lasting for your lifetime, and/or your beneficiary's lifetime, are not eligible to be directly rolled over. A direct rollover means that the money is not paid to you, but is instead directly paid to the other retirement plan or IRA. A direct rollover can be done by mailing the check to the trustee of the receiving plan payable to the trustee (not you).

If you do not roll over a lump sum payment, 20% of it will be withheld for federal income taxes. In addition, if you are age 55 in the year in which you terminate employment and receive payment before you reach age 59½, your lump sum payment may be subject to an additional 10% federal income tax penalty for early distribution. This penalty tax is in addition to ordinary income taxes.

Under current tax laws you may also roll over a lump sum payment to a Roth IRA. However, you will have to pay taxes on the amount rolled over.

Tax laws are complex and change frequently. When you request a distribution, you will receive the applicable forms and, if you are eligible for a lump sum payment, a Special Tax Notice that will describe the tax treatment of your distribution and your rollover rights. Neither the Plan Administrator nor the Company can provide tax advice. Therefore, you should seek independent tax advice from a qualified tax advisor prior to making a distribution election.

## Glossary Of Terms

An **accrued benefit** is the monthly benefit payable at the to you at your 65th birthday, based on your current years of benefit service and the current benefit rates.

**Actuarial value** is the current worth of a series of payments payable in the future. The actuarial value is determined by discounting the future payments at a specified interest rate and takes into account life expectancy.

An **annuity** is an amount of money that is payable monthly or at other regular intervals. It also can refer to a contract or agreement providing for the payment of an annuity.

**Administrative Information**, this section provides required information about the administration of the ConAgra Foods Pension Plan, as well as your rights as a participant.

**Disability** means a condition which qualifies you for a disability award under the Federal Social Security Act. If you cease to be considered disabled for purposes of receiving Social Security disability benefits, you will not be considered disabled for purposes of the Plan.

**ERISA** is the Employee Retirement Income Security Act of 1974. ERISA was enacted to ensure that employees receive the pension and other benefits promised by their employers. ERISA also incorporates

and is tied to provisions of the Internal Revenue Code (IRC) designed to encourage employers to provide retirement benefits and other benefits to their employees.

**Pension** is the monthly income from the plan paid to retired ConAgra Foods employees and, under certain circumstances, their beneficiaries. The amount of pension you receive depends upon your participation in the plan, your length of service, your earnings, your age at retirement and the form of payment you select.

**Pension Benefit Guaranty Corporation (PBGC)** is the federal agency, established as a nonprofit corporation, charged with administering the plan termination provisions of ERISA Title IV and the Multiemployer Pension Plan Amendments Act of 1980. Employers pay premiums to the PBGC, which guarantees benefits up to a specified maximum for participants and beneficiaries when defined benefit plans terminate.

**Surviving Spouse** means the surviving wife or husband of a deceased participant whose pension had not yet begun.

**Vested** can refer to you or your pension benefit and means you have been with the Company long enough to be entitled to receive a pension benefit from the plan. You will become vested in your pension benefit after five years of vesting service or, if you are still actively employed by a ConAgra Foods Company, when you reach age 65. Keep in mind that you must have satisfied the plan's eligibility requirements before becoming vested. If you leave the Company after your pension benefit is vested, you will be eligible to receive a pension benefit at retirement. If you leave the Company before your pension benefit is vested, you may forfeit your pension benefit.

## Administrative Information

This section provides required information about the administration of the Pension Plan for Hourly Bargaining Unit Employees of Lamb-Weston, Inc, as well as your rights as a participant.

### Plan Sponsor

The Plan Sponsor is: ConAgra Foods, Inc.

The Plan Number is: 203

The Internal Revenue Service Employer Identification Number (EIN) is: 47-0248710

The plan is a defined benefit plan.

### Plan Administrator

The Plan Administrator is the ConAgra Foods Employee Benefits Administrative Committee, located at:
ConAgra Foods, Inc.
Employee Benefits Administrative Committee
One ConAgra Drive
Omaha, NE 68102-5001
(402) 240-4000

The Employee Benefits Administrative Committee, or its designee, as the Plan Administrator, shall have the sole discretion and authority to control and manage the operation and administration of the plan. The Employee Benefits Administrative Committee, or its designee, shall have complete discretion to interpret the provisions of the plan, make findings of fact, correct errors, supply omissions, and determine the benefits payable under the plan. All decisions and interpretations of the Employee Benefits Administrative Committee, or its designee, made in good faith pursuant to the plan shall be final, conclusive and binding on all persons, subject only to the claims procedure, and may not be overturned unless found by a court to be arbitrary and capricious.

### Contributions And Assets

The plan is funded by ConAgra Foods, Inc. through a trust with the following trustee:
State Street Bank and Trust Company
225 Franklin Street
Boston, MA 02110

The contributions ConAgra Foods makes to the plan are determined actuarially on an annual basis.

### Plan Year

The plan is operated over the 12-month period ending each December 31st.

## Service Of Legal Process

Any legal process or document relating to the Plan should be delivered to:

ConAgra Foods, Inc.
Employee Benefits Administrative Committee
One ConAgra Drive
Omaha, NE 68102-5001

Service of legal process also may be made upon the Plan Administrator or Trustee.

## Amendment Or Termination

Although it is expected that the plan continue indefinitely, ConAgra Foods, Inc. does have the right to amend or terminate any part of the plan at any time. Also, the Pension Benefit Guaranty Corporation (PBGC) — which guarantees payment of a portion of your benefits — may terminate the plan if:

- it doesn't meet the minimum funding standards;
- it can't pay pension benefits when due; or
- the plan is in such a condition that it would increase the PBGC's liability if the plan was continued.

There are also certain circumstances which could result in the plan being partially terminated. You will be notified of the termination or any partial termination of the plan.

If the plan is terminated, your accrued pension benefits will be fully vested and nonforfeitable to the extent then funded. Only those participants affected by a partial termination of the plan will have fully vested and nonforfeitable accrued pension benefits.

If the plan assets at the time of termination are not sufficient to pay all benefits, the pension benefits then payable will be only those pension benefits which can be paid from the plan assets or which are guaranteed by the PBGC. Plan assets will be allocated to the payment of accrued benefits according to the rules contained in the plan and ERISA. The first group entitled to receive plan assets is those participants receiving or entitled to receive benefits as of the date three years before the plan termination date.

Benefits may be provided by continuation of the trust, purchase of a group annuity contract or individual annuity contracts, or by any other method approved by the Plan Administrator. You may not receive your accrued benefits immediately after termination of the plan unless you are already entitled to receive them at the time of plan termination.

## Uniformed Services Employment And Reemployment Rights Act (USERRA)

The plan will provide benefits to covered employees entering into or returning from service in the armed forces as may be required under the Uniformed Services Employment and Reemployment Rights Act ("USERRA").

Below is an explanation of how retirement plan rights are affected when an employee is called to active duty. Employee-related rights continue, provided the military service does not exceed 5 years and the employee receives an honorable discharge.

The duration of active military duty (not exceeding 5 years) constitutes service with ConAgra Foods for plan purposes. This period will count for both vesting and benefit accrual purposes.

Regardless of the length of the leave, a reasonable amount of travel time or recovery time for an illness or injury determined by the Veteran's Administration (VA) to be service connected will be allowed, but not more than 24 months.

When coverage under this Plan is reinstated, all provisions and limitations of this plan will apply to the extent that they would have applied if you had not taken military leave and your coverage had been continuous under this plan. There will be no additional eligibility waiting period under the plan.

## Claims Review

If a claim for benefits is denied, you will receive a written explanation of the reasons for the denial. If you disagree with the denial, you should request a review within 60 days of the day you receive the denial.

The Plan Administrator will review the claim and send you a written explanation of the decision. If your claim is denied, the Plan Administrator will identify the plan provisions upon which the denial is based and describe any information needed to complete the claim.

You may appeal the denial by sending a written request for review to:

ConAgra Foods, Inc.
Employee Benefits Administrative Committee
One ConAgra Drive
Omaha, NE 68102-5001

This request must be made within 60 days of the day you receive the denial letter. You must specify the reasons for your appeal and provide any supporting evidence. The Plan Administrator will act on your appeal within 60 days and send you a written explanation of the decision.

A different time frame applies if your claim for a Disability Pension is denied. Your denial letter will set out the requirements for review and appeal.

## Loss of Benefits and Qualified Domestic Relations Orders

The plan is designed to provide benefits after you retire. Because the plan is a "qualified" plan, under federal law, your rights to benefits are protected in a number of ways. There are, however, some circumstances that may cause your benefits to be forfeited, delayed, or decreased as follows:

- **Inability to locate you or your beneficiary.** If the Plan Administrator is unable to locate you or any other person to whom payments are being made, benefit payments may be delayed. It is very important that you and/or your beneficiary notify the Plan Administrator whenever there is a change of address. The address and telephone number of the Plan Administrator can be found in the Administrative Information section.

- **Termination of employment before you are vested**. If you terminate employment for any reason before you vest (either upon earning five years of service or upon attaining age 65), your pension will be forfeited.

  if you are not vested at the time of your death.

- **Disability.** Even if you are disabled under the terms of the plan, you will not receive a disability pension on account of a disability caused or contributed to by war, declared or undeclared, or by any attempt at suicide regardless of whether you were sane or insane.

- **Qualified domestic relations order.** In general, your benefits under the pension belong to you and under most circumstances, may not be sold, assigned, transferred, pledged, or garnished. However, if you become divorced or separated, certain court orders could require that part of your benefits be paid to someone else – your former spouse or your children, for example. These court orders are known as domestic relations orders. Such orders must be submitted to the Plan Administrator to determine whether they are "qualified domestic relations orders" (QDROs). You may obtain, free of charge, a copy of the plan's procedures for processing QDROs by calling or writing the Pension Service Center. As soon as you are aware of any court proceedings that may affect your benefits, contact the Plan Administrator.

- **Federal limits.** Federal law limits the retirement benefit that certain individuals can receive. You will be notified if this law affects you.

- **Judgments, settlements and tax levies.** Your benefits could also be offset or reduced by any amount you are required to pay to the plan as a result of a judgment or settlement against you in connection with a crime involving the plan, a civil judgment related to a violation of federal pension law or a breach of fiduciary duties involving the plan. In addition, some or all of your benefits could be distributed to satisfy a federal tax levy.

- **Restrictions based on funded status.** The availability of certain lump sum payments may be restricted based on the funded status of the plan.

## Limit on Benefits

Federal law limits the total benefit you can receive from the pension plan and other retirement plans sponsored by the Company or any affiliated company. These limits rarely apply, but you will be notified if they affect you.

## Your ERISA Rights

As a participant in the the plan, you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA). ERISA provides that all plan participants shall be entitled to:

### *Receive Information About Your Plan and Benefits*

- Examine, without charge, at the office of the Plan Administrator and at other specified locations, such as work sites and union halls, all documents governing the plan, including insurance contracts and collective bargaining agreements, and a copy of the latest annual report (Form 5500 Series) filed by the plan with the U.S. Department of Labor and available at the Public Disclosure Room of the **Employee Benefits Security Administration**.

- Obtain, upon written request to the Plan Administrator, copies of documents governing the operation of the Plan, including insurance contracts and collective bargaining agreements, and copies of the latest annual report (Form 5500 Series) and updated summary plan description. There will be a 25-cent charge for each page copied.
- Receive a summary of the plan's annual funding notice. The Plan Administrator is required by law to furnish each participant with a copy of this notice.
- Obtain a statement telling you whether you have a right to receive a pension at normal retirement age (age 65) and if so, what your benefits would be at normal retirement age if you stop working under the plan now. If you do not have a right to a pension, the statement will tell you how many more years you have to work to get a right to a pension. This statement must be requested in writing and is not required to be given more than once every 12 months. The plan must provide the statement free of charge.

### Prudent Actions By Plan Fiduciaries

In addition to creating rights for plan participants, ERISA imposes duties upon the people who are responsible for the operation of the plan. The people who operate your plan, called "fiduciaries" of the plan, have a duty to do so prudently and in the interest of you and other plan participants and beneficiaries. No one, including your employer, your union, or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a pension benefit or exercising your rights under ERISA.

### Enforce Your Rights

If your claim for a pension benefit is denied or ignored, in whole or in part, you have a right to know why this was done, to obtain copies of documents relating to the decision without charge, and to appeal any denial, all within certain time schedules.

Under ERISA, there are steps you can take to enforce the above rights. For instance, if you request a copy of plan documents or the latest annual report from the plan and do not receive them within 30 days, you may file suit in a Federal court. In such a case, the court may require the Plan Administrator to provide the materials and pay you up to $110 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the Plan Administrator.

If you have a claim for benefits, which is denied or ignored, in whole or in part, you may file suit in a state or Federal court. In addition, if you disagree with the plan's decision or lack thereof concerning the qualified status of a domestic relations order, you may file suit in Federal court.

If plan fiduciaries misuse the plan's money, or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor, or you may file suit in a Federal court. The court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees in some circumstances; for example, if the court finds your claim to be frivolous.

### Assistance With Your Questions

If you have any questions about your plan, you should contact the Plan Administrator. If you have any questions about this statement or about your rights under ERISA, or if you need assistance in obtaining

documents from the Plan Administrator, you should contact the nearest office of the **Employee Benefits Security Administration, U.S. Department of Labor**, listed in your telephone directory or the:

Division of Technical Assistance and Inquiries
Employee Benefits Security Administration
U.S. Department of Labor
200 Constitution Avenue N.W.
Washington, D.C. 20210

You may also obtain certain publications about your rights and responsibilities under ERISA by calling the publications hotline of the **Employee Benefits Security Administration**.

## Plan Insurance

Your pension benefits under this plan are insured by the Pension Benefit Guaranty Corporation (PBGC), a federal insurance agency. If the plan terminates (ends) without enough money to pay all benefits, the PBGC will step in to pay pension benefits. Most people receive all of the pension benefits they would have received under their plan, but some people may lose certain benefits.

The PBGC guarantee generally covers:

1. Normal and early retirement benefits;
2. Disability benefits if you become disabled before the plan terminates; and
3. Certain benefits for your survivors.

The PBGC guarantee generally does not cover:

1. Benefits greater than the maximum guaranteed amount set by law for the year in which the plan terminates;
2. Some or all of benefit increases and new benefits based on plan provisions that have been in place for fewer than 5 years at the time the plan terminates;
3. Benefits that are not vested because you have not worked long enough for the company;
4. Benefits for which you have not met all of the requirements at the time the plan terminates;
5. Certain early retirement payments (such as supplemental benefits that stop when you become eligible for Social Security) that result in an early retirement monthly benefit greater than your monthly benefit at the plans normal retirement age; and
6. Non-pension benefits, such as health insurance, life insurance, certain death benefits, vacation pay, and severance pay.

Even if certain of your benefits are not guaranteed, you still may receive some of those benefits from the PBGC depending on how much money your plan and on how much the PBGC collects from employers.

For more information about the PBGC and the benefits it guarantees, ask your Plan Administrator or contact:

**PBGC**
**P.O. Box 151750**
**Alexandria, VA 22315-1750**
**Or call**
**1-800-400-7242**

TTY/TDD users may call the federal relay service toll-free at 1-800-877-8339 and ask to be connected to 800-400-7242.

Additional information about the PBGCs pension insurance program is available through the PBGCs Web site on the Internet at:

http://www.pbgc.gov

## Collective Bargaining Agreement

As an hourly employee of the Company's American Falls, ID facility, you are a member of the collective bargaining unit represented by the Teamsters Local #983, and the terms and conditions of the plan's benefits are provided in accordance with the collective bargaining agreement between ConAgra and the union. You may obtain a copy of this agreement by a request to the Plan Administrator (see the Administrative Information section for contact information).



# Annual Return/Report of Employee Benefit Plan

## Form 5500

Department of the Treasury
Internal Revenue Service

Department of Labor
Employee Benefits Security
Administration

Pension Benefit Guaranty Corporation

This form is required to be filed for employee benefit plans under sections 104
and 4065 of the Employee Retirement Income Security Act of 1974 (ERISA) and
sections 6047(e), 6057(b), and 6058(a) of the Internal Revenue Code (the Code).

OMB Nos. 1210 - 0110
1210 - 0089

## 2014

**This Form is Open to Public Inspection**

**Complete all entries in accordance with the instructions to the Form 5500.**

---

**Part I ·   Annual Report Identification Information**

**For calendar plan year 2014 or fiscal plan year beginning January 01, 2014 , and ending December 31, 2014**

**A**   a multiple-employer plan (Filers checking this box must attach a list of participating employer information in accordance with the form instructions)for
- ☐ a multiemployer plan;
- ☒ a single-employer plan;
- ☐ a multiple-employer plan;
- ☐ a DFE (specify)

**B**   This return/report is:
- ☐ the first return/report;
- ☐ an amended return/report;
- ☒ the final return/report;
- ☐ a short plan year return/report (less than 12 months).

**C**   If the plan is a collectively-bargained plan, check here   ☒

**D**   Check box if filling under:
- ☒ Form 5558;
- ☐ automatic extension;
- ☐ the DFVC program;
- ☐ special extension (enter description)

---

**Part II ·   Basic Plan Information –** enter all requested information.

**1a** Name of plan
   PENSION PLAN FOR HOURLY BARGAINED UNIT EMPLOYEES OF LAMB WESTON, INC.

**1b** Three-digit plan number (PN)    203

**1c** Effective date of plan   June 06, 1988

**2a** Plan sponsor's name and address, including room or suite number (Employer, if for a single-employer plan)

   CONAGRA FOODS, INC.
   CONAGRA FOODS, INC.
   OMAHA NE 68102

**2b** Employer Identification Number (EIN)
  47-0248710

**2c** Sponsor's telephone number
  402-240-4000

**2d** Business code (see instructions)
  311400

**Caution:** A penalty for the late or incomplete filing of this return/report will be assessed unless reasonable cause is established.

Under penalties of perjury and other penalties set forth in the instructions, I declare that I have examined this return/report, including accompanying schedules, statements and attachments, as well as the electronic version of this return/report, and to the best of my knowledge and belief, it is true, correct, and complete.

| | 10/09/2015 | TIM L JONES |
|---|---|---|
| Signature of plan administrator | Date | Enter name of individual signing as plan administrator |
| | 10/09/2015 | TIM L JONES |
| Signature of employer/plan sponsor | Date | Enter name of individual signing as employer or plan sponsor |
| | | |
| Signature of DFE | Date | Enter name of individual signing as DFE |

**For Paperwork Reduction Act Notice and OMB Control Numbers, see the instructions for Form 5500.**

Form 5500 (2014)
v.092308.1

**3a**   Plan administrator's name and address (if same as plan sponsor, enter"Same")

**3b**   Administrator's EIN
  62-1756117

**CONAGRA FOODS, INC. EMPLOYEE BENEFITS ADMIN COMMITTEE**
**ONE CONAGRA DRIVE**
**OMAHA NE 68102-5001**

**3c** Administrator's telephone number
402-240-4000

**4** If the name and/or EIN of the plan sponsor has changed since the last return/report filed for this plan, enter the name, EIN and the plan number from the last return/report below:

**4b** EIN

**4c** PN

**a** Sponsor's name

| | | | |
|---|---|---|---|
| **5** | Total number of participants at the beginning of the plan year | **5** | 2546 |
| **6** | Number of participants as of the end of the plan year unless otherwise stated (welfare plans only complete lines 6a(1), 6a(2), 6b, 6c, and 6d) | | |
| **a(1)** | Total active number of participants at the beginning of the plan year | **6a(1)** | 1333 |
| **a(2)** | Total active number of participants at the end of the plan year | **6a(2)** | |
| **b** | Retired or separated participants receiving benefits | **6b** | |
| **c** | Other retired or separated participants entitled to future benefits | **6c** | |
| **d** | Subtotal. Add lines **6a(2), 6b,** and **6c** | **6d** | |
| **e** | Deceased participants whose beneficiaries are receiving or are entitled to receive benefits | **6e** | |
| **f** | Total. Add lines **6d** and **6e** | **6f** | |
| **g** | Number of participants with account balances as of the end of the plan year (only defined contribution plans complete this item) | **6g** | |
| **h** | Number of participants that terminated employment during the plan year with accrued benefits that were less than 100% vested | **6h** | 38 |
| **7** | Enter the total number of employers obligated to contribute to the plan (only multiemployer plans complete this item) | **7** | 0 |

**8a** If the plan provides **pension benefits**, enter the applicable pension feature codes from the List of Plan Characteristics Codes in the instructions:

**1B** **1D**

**b** If the plan provides **welfare benefits**, enter the applicable welfare feature codes from the List of Plan Characteristics Codes in the instructions:

**9a** Plan funding arrangement (check all that apply)
**(1)** ☐ Insurance
**(2)** ☐ Section 412(e)(3) insurance contracts
**(3)** ☒ Trust
**(4)** ☐ General assets of the sponsor

**9b** Plan benefit arrangement (check all that apply)
**(1)** ☐ Insurance
**(2)** ☐ Section 412(e)(3) insurance contracts
**(3)** ☒ Trust
**(4)** ☐ General assets of the sponsor

**10** Check all applicable boxes in 10a and 10b to indicate which schedules are attached,and, where indicated, enter the number attached (See instructions)

**a Pension Schedules**
**(1)** ☒ **R** (Retirement Plan Information)

**(2)** ☐ **MB** (Multiemployer Defined Benefit Plan and Certain Money Purchase Plan Actuarial Information)- signed by the plan actuary

**(3)** ☒ **SB** (Single-Employer Defined Benefit Plan Actuarial Information) - signed by the plan actuary

**b General Schedules**
**(1)** ☒ **H** (Financial Information)
**(2)** ☐ **I** (Financial Information – Small Plan)
**(3)** ☐ **A** (Insurance Information)
**(4)** ☐ **C** (Service Provider Information)
**(5)** ☒ **D** (DFE/Participating Plan Information)
**(6)** ☐ **G** (Financial Transaction Schedules)

**Part III  Form M-1 Compliance Information (to be completed by welfare benefit plans)**
**11a** If the plan provides welfare benefits, was the plan subject to Form M-1 filing requirements during the plan year? (See instructions and 29 CFR 2520.101-2)..... ☐ Yes ☐ No
If "Yes" is checked, complete lines 11b and 11c.
**11b** Is the plan currently in compliance with M-1 filing requirements? (See instructions and 29 CFR 2520.101-2)...... ☐ Yes ☐ No
**11c** Enter the Receipt Confirmation Code for the 2014 Form M-1 annual report. If the plan was not required to file the 2014 Form M-1 annual report, enter the Receipt Confirmation Code for the most recent M-1 that was required to be filed under the Form M-1 filing requirements. (Failure to enter a valid Receipt Confirmation Code will subject the Form 5500 filing to rejection as incomplete.) Receipt Confirmation Code

I Vicki L Michael am submitting this claim in regards to a miscalculation in my monthly pension benefit sum, for service at the Lamb-Weston/ConAgra Foods processing plant in Am. Falls, Idaho from Oct. 7, 1974 to Nov 9, 2016.

I have been trying to get this issue resolved through the ConAgra Pension service center since last March and through the H.R. Manager, Martha Flores Limon at the Am. Falls plant since last April. I have contacted the service center at least 7 to 8 times but they keep telling me that the calculations are correct. I tried to explain how the calculation needed to be done, but they just were not able to understand what I was saying. I then went to my H.R. Manager Martha, and she was able to see the problem and agreed with me that the calculation of my total benefit amount was indeed wrong. She seemed quite confident that the Lamb-Weston Corporate H.R. Department would be able to get my issue resolved.

When I retired on May 31, 2017 Martha told me she would keep me posted on getting my issue resolved. Since I hadn't heard from her for over a month, I called her last week and she told me that ConAgra would no longer discuss the issue with the Lamb-Weston H.R. Dept. and that they ( ConAgra) had contacted me to let me know that I needed to submit a claim to the ConAgra Foods Employee Benefits Administrative Committee. To the best of my knowledge, I was never contacted, so I got the address for this committee from Martha and here is my claim.

When I decided last summer that I needed to retire because of health problems, I started researching how much my pension benefit amount would be. I got a ConAgra Foods Pension Summary Plan Description book from the H.R. office and added up all the benefit rate amounts for all the years I worked for ConAgra, beginning on June 8, 1988. I did not add in any of the 13+ years I worked for AmFac because I was one of the employees that were forced to take the AmFac pension buy out. So I knew I would NOT be receiving a pension check from AmFac. I would only be receiving a pension for my 28 and ½ years of service from ConAgra. The sum of benefit using the summary plan book for my 28 and ½ years with ConAgra came to $547.50.

I then called the ConAgra Pension service center and asked for a pension estimate to me mailed to me.  When I received the estimate it stated a pension benefit of $508.00.  I knew the only way I could figure out why there was such a difference in the sum I was getting with the summary plan book and the sum the Pension service center was giving me, was by having a breakdown of all hours I had worked for each year of my service.  So I could see if there were a lot of years that I did not get all the hours required to get a full amount of benefit rate.  I called the Pension service center and asked for a breakdown, they said that they could get me that information.  The pension service center never send me the breakdown, even though I called several times over the next 3 months, they just continued to tell me they were still working on it.

So I had no choice but to wait until I requested my retirement packet ( for my retirement date on May 31, 2017) and see what the final numbers were for my total pension benefit amount.

I called on March 3, 2017 and requested my retirement packet.  When I received the packet, it still had the benefit amount of $508.00.   I then called the pension service center again and told them that I did not agree with the amount and once again requested a breakdown of my service hours for each year worked.

I received the breakdown and was able to identify exactly what was causing the miscalculation.

All of my AmFac service years ( 13 & 1/2 ) are being subtracted  from my total benefit amount when using the AmFac offset amount of $106.48 that AmFac reported to ConAgra, BUT all of the 13 ½ years are Not being ADDED to my total benefit amount.

WHY, because I have a total of 42 years of service and our pension plan with ConAgra only pays a total of 35 years of pension (the last 35 years).  Because I only get paid pension for the last 35 years, I only have 7 AND A HALF YEARS of my Amfac service STILL on my last 35 years of service. The AmFac years for 1974 through most of 1981 have dropped off, so the AmFac OFFSET amount of $106.48 that is being deducted from my total benefit amount of $614.28 is NOT the

Exhibit 3//Michael v ConAgra

correct number to use. This amount (106.48) that AmFac reported to ConAgra is for ALL THE 13 and ½ YEARS I WORKED FOR AMFAC, NOT just the 7 and a half years still left on my last 35 years. This means the AmFac offset amount of **$106.48 is NO longer APPLICABLE** in the calculation of my pension. Because I have more than 35 years of service, the AmFac offset amount needs to be RECALCULATED by adding up JUST the AmFac service years that are still included in my last 35 years of service. (1981 through half of 1988). By adding up those 7 and a half years you will get the correct AmFac offset amount of $67.88.(refer to green highlighted years on calculation information sheet sent with this claim) ( Note: Since ConAgra took over the Lamb-Weston plants in about the middle of 1988, I did take the year 1988 and divide that, with half going to service for AmFac and half going to service for ConAgra). If you then subtract the correct AmFac offset amount of 67.88 from my total benefit amount of $614.28 on my calculation information sheet, you will get my CORRECT total benefit amount of $546.40 that I have earned for JUST my 28 and a half years of service for ConAgra Foods. You can double check this amount by simply adding up my benefit amounts earned for each year of service with ConAgra from June 8, 1988 to Nov 9, 2016, the total will come to $546.40.(refer to yellow highlighted years)

So I have shown 2 different ways to correct the miscalculation on my pension sum

#1 recalculate the AmFac offset amount of $106.48 to the correct amount of $67.88.

Or #2 add up just the pension I have earned for my service with ConAgra from June 8, 1988 through Nov. 9, 2017, total $546.40./

In conclusion, all I am requesting is to receive my FULL pension benefit I have earned for my 28 ½ years of service for ConAgra. If you have any questions or need any additional information, please contact me at 208-240-1498, E-Mail Address fvmeagle@hotmail.com, or postal address Vicki Michael at 617 Scott St. Chubbuck, Idaho 83202

I sincerely appreciate you time and effort in helping me get this issue resolved.

July 20, 2017                                    Thank You,

## Calculation Details

### Participant Information

| Name | Vicki L. Michael |
|------|------------------|
| Employee ID | 1750699 |
| Date of Birth | 5/9/1955 |
| Date of Hire | 10/7/1974 |
| Date of Termination | 11/9/2016 |
| Normal Retirement Date | 6/1/2020 |
| Benefit Commencement Date | 6/1/2017 |

### Calculation Information

**Monthly Benefit Rate x Credited Service (up to 35 years)  EQUALS Monthly Pension Benefit**

You earn one year of benefit service for each calendar year of employment in which you work at least 1,000 hours. If you work less than 1,000 hours, but at least 500 hours, you will receive a partial year of service determined by dividing your hours worked by 1,000. If you work less than 500 hours in a year, you receive no partial year of benefit service except in the year or retirement, disability or death. For years before 1990, the requirement for a full year of benefit service was 1,875 with partial credit with at least 1,000 hours. In limited circumstances you may also receive prorated credit upon rehire after a break in service.

*(handwritten left margin: mFac ffset nount c nFac ?ors 181– 788 tal 7.88 ? ).26 ?)*

| YEAR | HOURS | CREDIT SERVICE | BENEFIT RATE | BENEFIT AMOUNT | YEAR | HOURS | CREDIT SERVICE | BENEFIT RATE | BENEFIT AMOUNT |
|------|-------|----------------|--------------|----------------|------|-------|----------------|--------------|----------------|
| 1981 | 1875 | 0.3200 | $8.20 | $2.62 | | 2120.25 | 1.0000 | $16.00 | |
| 1982 | 1875 | 1.0000 | $8.20 | $8.20 | 2000 | 2232 | 1.0000 | $16.00 | |
| 1983 | 1959 | 1.0000 | $10.00 | $10.00 | | 2100.5 | 1.0000 | $18.00 | |
| 1984 | 2069 | 1.0000 | $11.00 | $11.00 | | 2036.25 | 1.0000 | $18.00 | |
| 1985 | 2085 | 1.0000 | $11.00 | $11.00 | | 2063.75 | 1.0000 | $18.00 | |
| 1986 | 1480 | 0.7893 | $11.00 | $8.68 | | 2039.5 | 1.0000 | $18.00 | |
| 1987 | 2035.25 | 1.0000 | $11.00 | $11.00 | | 2630.75 | 1.0000 | $18.00 | |
| 1988 | 1834.75 | 0.9785 | $11.00 | $10.76 | | 2639 | 1.0000 | $23.00 | |
| | 1962.5 | 1.0000 | $11.00 | | | 2671.25 | 1.0000 | $24.00 | |
| | 1706 | 0.9099 | $11.00 | | | 2295.25 | 1.0000 | $24.00 | |
| | 1909 | 1.0000 | $11.00 | | | 2274.75 | 1.0000 | $24.00 | |
| | 2062.25 | 1.0000 | $12.00 | | | 2224.75 | 1.0000 | $24.00 | |
| | 2281.25 | 1.0000 | $12.00 | | | 2407.5 | 1.0000 | $24.00 | |
| | 2095 | 1.0000 | $12.00 | | | 2447.5 | 1.0000 | $27.00 | |
| | 2311.25 | 1.0000 | $14.00 | | | 2108.5 | 1.0000 | $30.00 | |
| | 2328 | 1.0000 | $14.00 | | | 2015 | 1.0000 | $30.00 | |
| | 2199.75 | 1.0000 | $14.00 | | | 2215 | 1.0000 | $30.00 | |
| | 2015.7 | 1.0000 | $16.00 | | | 1815.3 | 1.0000 | $33.00 | |

| | |
|------|------|
| Total Benefit | $614.28 |
| AMFAC Offset | $106.48 |
| Accrued Benefit at Age 65 | $508.00 |
| Early Reduction Factor | 1.0000 |
| Benefit Payable on 06/01/2017 | $508.00 |

*(handwritten right margin: ConAgra Benefit amount for years 1988 to 2016 Total 546.40  541.03 ?)*

*(handwritten lower right: AmFac offset amount 67.88 ?.?  NOT 106.48)*



**RYAN EGAN**
**VICE PRESIDENT OF HUMAN RESOURCES**
222 MERCHANDISE MART PLAZA
SUITE 1300 | CHICAGO, IL 60654

September 13, 2017

Vicki L. Michael
617 Scott Street
Chubbuck, Idaho 83202

Re: Claim under the Conagra Brands, Inc. Pension Plan for Hourly Rate Production Workers

Dear Ms. Michael:

I am writing to you on behalf of the Conagra Brands, Inc. Pension Plan for Hourly Rate
Production Workers (the "Plan") in response to your letter, received September 1, 2017, in which
you request an increase in your Plan benefit because you believe a miscalculation occurred.
After a thorough review of your request under the terms of the Plan and the Employee
Retirement Income Security Act of 1974, as amended ("ERISA"), the Plan has determined that
your claim must be denied for the reason stated below.

**Analysis and Decision**

As you acknowledged in your letter, your Plan benefit was subject to an offset for the benefit
previously paid under the Pension Plan for Hourly Non-Bargaining Unit Employees of Amfac
Foods, Inc. (the "Prior Plan"). In your claim letter, you requested that only a portion of your
Prior Plan benefit be used as an offset from your Plan benefit because you worked a combined
total of 42 years for Amfac Foods, Inc. and Conagra Brands, Inc. (formerly, ConAgra Foods,
Inc.), and you believe your earliest service should be disregarded when determining the 35-year
maximum.

Please refer to Section 4.02-1 and Appendix I of the enclosed Plan document. The method you
used to determine that only a partial offset should be made is inconsistent with the steps used to
calculate your Plan benefit. Your benefit is calculated as follows:

(1) the monthly pension benefit for your location is multiplied by your years of benefit
service under the Plan (up to a maximum of 35 years), then

(2) your Prior Plan benefit is subtracted from the amount calculated under (1) above.

Your maximum benefit is determined prior to the offset; and the number of years of service
under the Prior Plan does not impact the 35-year maximum. Therefore, your Plan benefit was
correctly calculated using the $106.48 offset for the Prior Plan benefit.

The Plan Administrator is a fiduciary with respect to the Plan. A Plan fiduciary has a duty under
ERISA to follow the specific terms of the Plan and administer those provisions consistently for
all participants. To do otherwise would violate the express provisions of the Plan, and
potentially risk the Plan's qualified status under the Internal Revenue Code.

**Appeal Procedure**

If you disagree with the decision regarding the denial of the claim you submitted and have additional information that you would like to share in support of your claim, you have 60 days from the receipt of this letter to file an appeal. The appeal should be made in writing, and sent to the Plan Administrator at the following address:

Conagra Brands, Inc.
Appeals Committee
222 W. Merchandise Mart, Suite 1300
Chicago, Illinois 60654

In connection with the appeal, you have the right to submit written comments, documents, records and other information relating to the claim for benefits. You also may request access to, and copies of, all documents, records and other information relevant to your claim for benefits. Your request must be made in writing to the Plan Administrator at the address specified above. The Plan Administrator will determine what documents are relevant to the claim for benefits in accordance with applicable regulations under ERISA. You will not be charged for documents that are provided to you. The claim appeal will be reviewed by the Plan Administrator, and you will be notified of a decision within 60 days.

The final decision will be sent to you in writing. If the appeal is denied, the decision will provide (i) specific reasons for the denial, (ii) specific Plan provisions on which the denial is based, and (iii) a statement that you may bring civil action under Section 502(a) of ERISA. The decision of the Plan Administrator is final and conclusive.

If the appeal is denied, you may bring a civil action under Section 502(a) of ERISA in court, provided you abide by certain time limitations. Specifically, you may not bring a legal action against a party under the Plan later than six months from the final disposition of the claim on appeal by the Plan Administrator. In addition, the action must be filed before the time limit imposed by any other applicable statute of limitations.

Regards,

Ryan Egan
Vice President of Human Resources

Enclosure – Plan Supplement Twenty-Five



RYAN EGAN
VICE PRESIDENT OF HUMAN RESOURCES
222 MERCHANDISE MART PLAZA
SUITE 1300 | CHICAGO, IL 60654

December 21, 2017

Vicki Michael
617 Scott Street
Chubbuck, Idaho 83202

Re: Appeal under the Conagra Brands, Inc. Pension Plan for Hourly Rate Production Workers

Dear Ms. Michael:

I am writing to you on behalf of the Conagra Brands, Inc. Pension Plan for Hourly Rate Production Workers (the "Plan") in response to your appeal, received November 6, 2017, in which you request an increase to your Plan benefit. Your appeal was reviewed by the Conagra Brands Appeals Committee (the "Committee"). After a thorough review of your request under the terms of the Plan and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), the Committee has determined that your appeal must be denied for the reason stated below.

**Background**

As previously communicated in the claim denial letter sent to you, your Plan benefit was subject to an offset for the benefit previously paid under the Pension Plan for Hourly Non-Bargaining Unit Employees of Amfac Foods, Inc. (the "Prior Plan"). This offset was properly applied in accordance with Section 4.02-1 and Appendix I of the Plan document, provided with your claim denial letter. Your benefit, based on the maximum of 35 years of benefit accrual, was determined prior to applying the offset, in accordance with the Plan terms; and the number of years of service under the Prior Plan did not impact the 35-year maximum. Therefore, your Plan benefit was correctly calculated using the $106.48 offset for the Prior Plan benefit.

**Analysis and Decision**

The Plan Administrator is a fiduciary with respect to the Plan. A Plan fiduciary has a duty under ERISA to follow the specific terms of the Plan and administer those provisions consistently for all participants. To do otherwise would violate the express provisions of the Plan, and potentially risk the Plan's qualified status under the Internal Revenue Code. Your benefit was calculated in accordance with the Plan. Therefore, this letter constitutes a denial of your appeal.



**RYAN EGAN**
VICE PRESIDENT OF HUMAN RESOURCES
222 MERCHANDISE MART PLAZA
SUITE 1300 | CHICAGO, IL 60054

You are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to your claim.  You now have the right to bring a civil action under ERISA Section 502(a) in federal court if you choose to further pursue this claim, but you must comply with the applicable statute of limitations.  **If you decide that you would like to further pursue this claim, you must bring a civil action in federal court. No other communication with the Plan office will be accepted on this matter.**

Regards,

Ryan Egan
Vice President of Human Resources