UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VICKI MICHAEL, On behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONAGRA BRANDS, INC. PENSION PLAN FOR HOURLY PRODUCTION WORKERS, an employee pension benefit plan; CONAGRA BRANDS EMPLOYEE BENEFITS ADMINISTRATIVE COMMITTEE, the Plan Administrator; CONAGRA BRANDS APPEALS COMMITTEE; and DOES I-XX, individual members of the Plan administrative and/or appeals committees,<br><br>Defendants. | Case No. 4:18-cv-00277-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is a Motion for More Definitive Statement (Dkt. 5) filed by Defendants ConAgra Brand, Inc. Pension Plan for Hourly Production Workers ("the ConAgra Plan"), ConAgra Brands Employee Benefits Administrative Committee ("Administrative Committee"), ConAgra Brands Appeals Committee ("Appeals Committee"), and Does I-XX ("Does") (referred to collectively as "Defendants"). Defendants move for a more definite statement regarding the claims and allegations

against each of them. The Court finds this matter suitable for disposition without oral argument. *See* Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). Having considered the parties' submissions and the relevant legal authority, the Court GRANTS Defendants' Motion.

## II. BACKGROUND

This case stems from the administration of a qualified pension plan under the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* ERISA §3(2)(A), 29 U.S.C. § 1002(2)(A). Plaintiff Vicki Michael ("Michael") was a participant in the ConAgra Plan. The history of how Michael became a participant in the ConAgra Plan spans over 42 years of her employment, and is summarized as follows:

In 1974, Michael began her employment at a processing plant ("Lamb-Weston") in American Falls, Idaho. At that time, Amfac Foods, Inc. owned the plant and established and maintained an employee benefits plan called the Pension Plan for Hourly Bargaining Unit Employees of Amfac Foods, Inc. ("Prior Amfac Plan"). Michael earned benefits under the Prior Amfac Plan from 1974 to 1988.

In 1988, Amfac Foods, Inc. terminated the Prior Amfac Plan following the sale of its outstanding common stock. The Pension Plan for Hourly Bargaining Unit Employees of Lamb-Weston, Inc. ("Lamb-Weston Plan") replaced the Prior Amfac Plan. Relevant here, the Lamb-Weston Plan vested service credit to employees who earned employment credit under the Prior Amfac Plan. Michael earned benefits under the Lamb-Weston Plan from 1988 to 2014.

In 2014, the Lamb-Weston Plan merged with the ConAgra Plan. The portion of the ConAgra Plan resulting from this merger ("Bargaining Unit Plan") provides "pension benefits to participants who work or have worked for ConAgra and previously worked for Lamb-Weston, Inc. and/or Amfac Foods, Inc." Dkt. 1, ¶ 17. The Bargaining Unit Plan contains a sample calculation ("Benefit Formula") with a 35-year service cap ("35-Year Cap"). The 35-Year Cap only calculates "the last 35 years" of an employee's service and disregards employment service ("Disregarded Service") beyond 35 years. Thus, in Michael's situation, seven years of her 42 years of employment were classified as Disregarded Service under the Bargaining Unit Plan.

In 2016, Michael concluded her employment at Lamb-Weston and began receiving pension benefit payments shortly thereafter. However, Michael believed that her payments were less than the amount due under the ConAgra Plan. On July 20, 2017, Michael filed a claim with the Administrative Committee claiming that the 35-Year Cap was misapplied to her benefits calculations. Specifically, she claimed that reducing her benefits by all the retirement income accrued and paid under the Prior Amfac Plan, including retirement income accrued during her seven years of Disregarded Service (i.e. 1975 to 1981), was an excessive subtraction under the ConAgra Plan.

On September 13, 2017, Michael received written notice from Ryan Egan, Vice President of Human Resources for ConAgra Brands, Inc., that the Administrative Committee denied her claim. The basis for the denial was that "the number of years of

service under the Prior [Amfac] Plan does not impact the [35-Year Cap]" under the Bargaining Unit Plan, and her benefits were calculated correctly. Dkt. 1, ¶ 34.

Shortly thereafter, Michael filed an appeal with the Appeals Committee, questioning the application of the 35-Year Cap to her benefits and other employees similarly situated. Michael, again, received written notice from Mr. Egan that the committee denied her appeal because the subtractions to her benefits calculation were "properly applied in accordance" with the Prior Amfac Plan. *Id.* at ¶ 39.

On June 18, 2018, Michael filed her Complaint seeking to recover employment benefits on behalf of herself and other employees similarly situated. On August 21, 2018, the Court entered an order granting a stipulation that Michael had "until August 31, 2018 to make a decision and notify Defendants regarding whether she [would] voluntarily amend her Complaint." Dkt. 4. The Court established a September 10, 2018, deadline for Michael "to file an amended complaint." *Id.* Michael did not amend her complaint, and Defendants filed their Motion for More Definite Statement on October 10, 2018. Dkt. 5.

### III. LEGAL STANDARD

Rule 12(e) allows a party to move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e).

Rule 12(e) has a specific and limited purpose and is only used when a complaint fails to meet the minimal pleading standards that put the defendant fairly on notice. F.R.C.P. 12(e). A motion for a more definite statement is a tool that a party may employ

when a complaint is so general that the defendant cannot reasonably prepare the required response. *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). Thus, Rule 12(e) focuses on the pleading and not the merits of any claim; it only analyzes whether the plaintiff has met the minimal pleading standards is such a way that a defendant may reasonably answer the complaint.

A court's Rule 12(e) analysis is also informed by whether a plaintiff's complaint complies with Rule 8(a)—specifically, whether the Complaint includes "a short statement of the elements of his claims, identifying the transactions or occurrences giving rise to the claim and elements of the prima facie case." *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000); see *also Hearne v. Welch & Allan*, 2006 WL 22184, at *2 (D. Idaho Jan. 4, 2006) ("[T]o determine whether Defendants are entitled to a more definite statement of the complaint . . . the Court must address whether Plaintiff's Complaint complies with Rule 8(a).").

Motions for a more definite statement are not favored by the courts since pleadings are only required to fairly notify the opposing party of the nature of the claim. *A.G. Edwards & Sons, Inc. v. Smith*, 736 F. Supp. 1030, 1032 (D. Az. 1989). A motion for a more definite statement is only proper when a party is unable to determine the issues he must meet; it should not be used to test an opponent's case. *Id.*

### IV. DISCUSSION

Defendants allege that Michael's Complaint is unclear as to whom each claim applies. Hence, the Court must determine whether Michael's Complaint places the

Defendants on fair notice regarding the nature of the claims against them and the demand for the relief sought. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 574 (2007).

    A.  Claims for Breach of Fiduciary Duty

Counts I and II of the Complaint allege breach of ERISA fiduciary duties. The ERISA statute provides various causes of action for employees to obtain benefits they are entitled to receive from their employer. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes breach of fiduciary duty claims by allowing:

> a participant, beneficiary, or fiduciary(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . .

ERISA § 404, 29 U.S.C. § 1104, creates statutory duties for qualified ERISA fiduciaries.

Here, Michael cites 29 U.S.C. § 1104, ERISA § 404, as the basis for her breach claims. Notably, this section does not expressly authorize civil actions for breach of fiduciary duty; rather, it creates ERISA fiduciary duties. Regardless, the statute and the text clearly state that the nature of the claims alleged are for breach of specific ERISA fiduciary duties. However, the Court struggles to determine with any degree of certainty whether the claims apply to all, or only some, of the named defendants because the Complaint refers inconsistently to the Defendants—sometimes individually and sometimes in the aggregate—and contains unclear references to the claims and their relation to the respective Defendants.

    1.  Count I

The caption for Count I seeks "Declaratory Judgment and Injunctive Relief—For Breach of ERISA Fiduciary Duties by Subtracting Excessive Amounts From Benefits Calculated Under Bargaining Unit Plan, *Against All Defendants*." Dkt. 1 at VI. COUNT I (emphasis added). On its face, "Against All Defendants" appears to include all the defendants, and the statutory reference identifies the nature of the claim as a breach of a specific ERISA fiduciary duty. Thus, Count I appears to allege a breach of fiduciary duty claim against all named defendants.

However, not all of the Defendants qualify as ERISA fiduciaries. Defendants correctly point out that an ERISA plan itself "cannot, as an entity, act as a fiduciary" and therefore, "cannot be sued for breach of fiduciary duty." *Acosta v. Pac. Enterprises*, 950 F.2d 611, 618 (9th Cir. 1991), as amended on reh'g (Jan. 23, 1992). What's more, Michael does not identify the ConAgra Plan as a plan fiduciary in the section of her Complaint titled, "Defendants and Fiduciary Status." Dkt. 1 at (III)(B). She merely asserts that the ConAgra Plan is an "employee pension benefit Plan 'within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A).'" *Id.* at ¶ 5. Although the apparent conjunctive section heading could arguably apply fiduciary status to all undermentioned defendants, Michael identified all other named defendants as "plan fiduciar[ies]" under specific ERISA sections. *See Id.* at ¶¶ 6, 7, & 8. She also acknowledges in Count II that the ConAgra Plan is not a fiduciary. *Infra* (IV)(A)(2). Where Michael took care to identify each named Defendant and its status, along with the relevant ERISA sections, it is likely that she does not consider the ConAgra Plan to be a plan fiduciary. Where

Michael cannot ultimately prevail on a claim for breach of fiduciary duty against the ConAgra Plan—the first-named defendant—"Against All Defendants" appears to be an error.

However, where Michael "seeks 'to recover benefits due to [her] under' " an ERISA plan, the ConAgra Plan may be joined as a defendant in her "action for breach of fiduciary duty in order that [she] may obtain the relief sought." *Id.* However, Count I does not allege a claim for benefits. Although the Complaint's "Introduction" contains language appearing to allege this claim—along with alternative claims for breach of fiduciary duty—the Counts do not identify the ConAgra Plan, nor is there a separate claim for benefits. The omission of the ConAgra Plan is confusing at best and requires the Court to look to other sections of the Complaint for clarification.

Michael obscures her use of "All Defendants" further by failing to connect the ConAgra Plan to the Administrative and Appeals Committees in her allegations and demand for relief. *See* Dkt. 1 at ¶¶ 47-59. Michael alleges only that the Administrative Committee breached its fiduciary duties under ERISA § 404, 29 U.S.C. § 1104(a)(1)(A)(i) and (D), by making "Excessive Subtractions" of benefits. Dkt. 1. at ¶ 51. Count I also alleges that "[t]he Appeals Committee breached its fiduciary duties imposed by ERISA § 404, 29 U.S.C. §1104(a)(1)(A)(i) and (D), by perpetuating the unreasonable application of the Benefit Formula . . . ." *Id.* at ¶ 52. Michael's stated relief is for "declaratory judgement" that "ERISA does not permit the Excessive Subtractions" made by *Defendants* and "injunctive relief ordering *Defendants* to recalculate the benefits

under" the ConAgra Plan. Dkt. 1 VI. at ¶¶ 53-54 (emphasis added). Although Michael specifies her allegations are against both committees, the ConAgra Plan is not mentioned at all. The omission is obvious in light of the fact that she took care to specify the committees' actions constituting the alleged breach.

Furthermore, Michael's "Facts" section refers to "the Plan" making reduced payments to Michael because the Administrative and Appeals Committees permitted excessive subtractions under the ConAgra Plan. *See e.g.* Dkt. 1 ¶ 28. However, the Court is unclear whether this lone reference to "the Plan" refers to defendant ConAgra Plan because the Complaint defines several different plans (e.g. Prior Amfac Plan, Bargaining Unit Plan, ConAgra Plan). Paragraph 28 of the Complaint also does not appear to correlate with Count I because Count I does not allege that "the Plan" breached a fiduciary duty. The lack of specificity in this Complaint requires a reader to seek clarity by relying on inconsistent and imprecise references to parties and claims throughout the Complaint. Although one might ultimately draw an inference that "the Plan" is indeed the "ConAgra Plan," and therefore, included in Count I's reference to "All Defendants," Defendants "should not have to speculate or determine the nature of the claims brought against them through inferences." *Hearne,* 2006 WL 22184, at *3.

Thus, the Court finds that the Complaint requires Defendants to speculate or infer the nature of the claims against them and the demand for relief sought. Therefore, a more definite statement is required to clarify which Defendants are included in Count I.

2. Count II

**MEMORANDUM DECISION AND ORDER - 9**

Count II is even less clear than Count I as to whom the claim applies. The caption for Count II asserts a claim, "For Breach of Fiduciary Duty under ERISA § 404 in Failing to Discharge *Their* Duties 'Solely in the Interest of the Participants and Beneficiaries.'" Dkt. 1, VI. Count II (emphasis added). Michael bases this claim on ERISA §404(a)(1), (1)(A)(i) and (1)(D), 29 U.S.C. §§1104(a)(1), (1)(A)(i) and (1)(D), which identify the nature of the claim as breaches of different ERISA fiduciary duties. Unfortunately, the Count's only reference to the Defendants is the identifier "Their." If "Their" refers to the parties in Count I, one could infer that "Their" is the pronoun for "All Defendants." However, as the Court has explained, Count I is unclear as to whether it applies to the ConAgra Plan. *Supra* at (IV)(A)(1).

Michael's factual allegations obscure whether "Their" refers to "All Defendants" by acknowledging that "[o]ther than the ConAgra Plan itself, the Defendants are ERISA Plan Fiduciaries" subject to breach of fiduciary duty claims "under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1)." Dkt. 1, ¶ 57. In other words, Michael recognizes that she cannot sue the ConAgra Plan for the breach of fiduciary duty claims alleged in Count II because, as an entity, it is not a fiduciary. This begs the question, however, if Michael knows she cannot sue the ConAgra Plan for breach of fiduciary duty in Count II, does she also know that she cannot sue the ConAgra Plan for breach of fiduciary duty in Count I?[1]

---

[1] Indeed, this might explains why the ConAgra Plan is not mentioned by name in Count I.

Continuing on, the factual allegations refer generally to "Defendants," with, ostensibly, the exception of the ConAgra Plan. Thus, Michael's use of "Defendants" in Count II is ambiguous and appears to be used differently between Counts I and II.

Reading the Counts together, the Court is uncertain which claims apply to which Defendants. That the Court finds itself resorting to logical inferences and interpretations of case law to determine whom Michael intends to sue under each count is evidence that a More Definite Statement as to the breach of fiduciary duty claims alleged in Counts I and II in warranted.

B. Claim for Benefits

The Court must next determine whether the Complaint fairly notifies the Defendants of a claim for benefits and the relief sought. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), authorizes an ERISA "participant or beneficiary…to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan."

Michael's Complaint does not contain a separate count for a claim for benefits, suggesting she does not intend to allege it. However, Michael appears to refer to a claim for benefits in her "Introduction." Although she does not specify what statutory authority the claim for benefits arises under, Michael requests "to have [her] benefits properly computed pursuant to the terms of the ConAgra Plan." Dkt. 1 p. 2 ¶ 2. Arguably, requesting proper computation of benefits is Michael's attempt to "recover benefits due to [her] under the terms of" the ConAgra Plan or to "enforce" or "clarify [her] rights to

future benefits." ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). In fact, Defendants acknowledge this as a possible claim for benefits; but the lack of a separate count for the claim casts doubt on this conclusion. *See* Dkt. 5-1, p. 3 ¶ 1. Notwithstanding, Michael confirmed her intention to pursue a claim for benefits in her Response brief to the instant motion; but she still fails to clarify whom the claim is against. *See* Dkt. 8 p. 5 ¶ 2.

Determining to whom this claim applies cannot be achieve with any degree of certainty. This is primarily because Michael's requested relief is an order that "ConAgra pay the properly-computed benefits." Dkt. 1 p. 2 ¶ 2. "ConAgra" is not a named party, and Michael does not define its legal status or clarify its relationships to the Defendants actually named in the Complaint. Although "ConAgra" might refer to all named defendants, Michael does not establish this. Where Michael took care to define the legal status of each Defendant and their relationships with each other, her omission to do so for "ConAgra" suggests it is not a party to the case. What's more troubling is that this language is Michael's only possible statement indicative of a claim for benefits made in connection with any demand for relief, and it seeks relief from and unnamed, undefined entity.

The Prayer for Relief confuses this point further. There, Michael requests a judgement "[o]rdering *Defendants* to (re-)calculate the benefits," of Michael and others. Dkt. 1 VII. at ¶ D (emphasis added). Although the relief requested may not be exclusive to a claim for benefits, the Court will assume *arguendo* that it is. Thus, "Defendants" would refer to "ConAgra" mentioned in the "Introduction." However, Michael uses the

term "Defendants" ambiguously and inconsistently between Counts I and II. *See Supra* (IV)(A)(1) & (2). Where Michael employs inconsistent references elsewhere, the Court cannot determine with any degree of certainty that the same pattern of inconsistency applies here. Thus, the reference to the unnamed, undefined entity is ambiguous as to whom the claim applies and against whom relief is sought.

This ambiguity is even more apparent where the "Introduction" identifies the Administrative and Appeals Committees as Defendants in connection with Michael's alternative "claim under ERISA § 404, 29 U.S.C. § 1104" for breach of fiduciary duty in the sentence immediately following her reference to a claim for benefits. Dkt. 1 p. 2 ¶ 2. The Court is uncertain why Michael took care to identify named defendants in one sentence, but omitted to do so in the preceding sentence. What's more, it is also unclear why Michael never specifically identifies the ConAgra Plan as a defendant in connection with either claim in her "Introduction," yet maintains that Defendants received notice from Counts I and II—which also do not specifically refer to the ConAgra Plan—that the ConAgra Plan was a Defendant as it relates to a claim for benefits.

Michael contends that the Defendants received adequate notice of the claims against them because they acknowledge the possibility of a claim for benefits and claims for breach of fiduciary duty. *See* Dkt. 8 at 2 ¶ 1. However, the Court agrees with Defendants that a party "should not have to speculate or determine the nature of the claims brought against them through inferences." *Hearne,* 2006 WL 22184, at *3. Michael inconsistently and imprecisely refers to parties and claims throughout her

Complaint. She elects for precision as to some claims—but not others—and does so with variation between sections of her Complaint. These patchwork references leave the various Defendants guessing as to whether or not they must respond to any given claim.

Relying on inferences is particularly problematic where Michael's Complaint does not lead to any single conclusion as to which claims apply to each defendant. For example, the claim for benefits could be against all Defendants, or just the ConAgra Plan. Count I could apply to all Defendants, including the ConAgra Plan, or, similar to Count II, apply only to the Administrative and Appeals Committees—the ERISA fiduciaries. However, even these outcomes rely on inferences regarding Michael's use of the term "defendants," "their," and the application of case law. *See Supra* (IV)(A)(1) & (2).

Finally, relying on inferences is particularly problematic where the ERISA claims in this case have varying initial disclosure requirements under Fed. R. Civ. Pro. Rule 26. Clarifying which claims apply to each named defendant now will not only allow Defendants a fair opportunity to respond, but will assist the Court (and Counsel) in determining the scope of discovery. Requiring Michael to more fully comply with Rule 8 will also facilitate a "speedy, efficient, and inexpensive resolution of the case." *Takata v. Hartford Comprehensive Employee Benefit Serv. Co.*, No. CV-11-5068-RMP, 2012 WL 12830390, at *2 (E.D. Wash. Mar. 28, 2012).

Upon review, the Court finds that the Complaint does not fairly notify the Defendants of the nature of the claims against them and the demand for the relief sought. A More Definite Statement is, therefore, necessary.

# V. ORDER

1. Defendants' Motion for a More Definite Statement (Dkt. 5) is GRANTED.

2. Plaintiff shall file an amended complaint that substantially complies with the Court's above analysis within 30 days.

DATED: April 23, 2019

David C. Nye
U.S. District Court Judge