UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VICKI MICHAEL, individually and as representative on behalf of a class of similarly situated persons,<br><br>    Plaintiff,<br><br>    v.<br><br>CONAGRA BRANDS, INC. PENSION PLAN FOR HOURLY RATE PRODUCTION WORKERS, an employee pension benefit Plan; CONAGRA BRANDS EMPLOYEE BENEFITS ADMINISTRATIVE COMMITTEE, the Plan Administrator; CONAGRA BRANDS APPEALS COMMITTEE, and DOES I-XX, individual members of the Plan administrative and/or appeals committees,<br><br>    Defendants. | Case No. 4:18-cv-00277-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendants Conagra Brands, Inc. Pension Plan for Hourly Rate Production Workers, Conagra Brands Employee Benefits Administrative Committee, and Conagra Brands Appeals Committee, and Does I-XX's (collectively "Defendants") Motion for Attorney Fees. Dkt. 45.

Having reviewed the record and briefs, the Court finds that the facts and legal

arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court finds good cause to DENY the Motion.

## II. BACKGROUND

On June 18, 2018, Plaintiff Vicki Michael filed her complaint. Dkt. 1. Defendants filed a Motion for More Definite Statement (Dkt. 5) which the Court granted (Dkt. 10). Michael filed an Amended Complaint. Dkt. 11. In her Amended Complaint, Michael brought three causes of action; each based on the Employee Retirement Income Security Act of 1974 ("ERISA"). Michael brought these claims on behalf of herself and others similarly situated.

In early communications between the Court and counsel, it was decided that the most economical way to manage this litigation would be to first address the "merits" of Michael's claim and then, if necessary, move to class certification and beyond.

On March 2, 2020, Michael filed her motion for summary judgment. Dkt. 24. Defendants' cross-motion for summary judgment followed. Dkt. 30. The Court held oral argument, and on October 30, 2020, the Court issued an order granting summary judgments in the Defendants' favor. Dkt. 43.

The main disagreement between the parties in this case is how to interpret certain language regarding years of service when calculating Michael's retirement amount. The Court found that while the language in the plan was not crystal clear, Defendants

MEMORANDUM DECISION AND ORDER – 2

interpretation best conformed with other relevant terms and clauses within the plan as well as the plan's underlying goals. In relevant part, the Court found that the plan language capped benefits at 35 years of service (regardless of how calculated). Critically, Michael acknowledged the 35-year cap and admitted that it applied to her. This recognition, among other conclusions, resulted in the Court's decision in favor of Defendants. Defendants subsequently filed the instant motion for attorney fees arguing they are entitled to litigation reimbursement because Michael's "motives in pursuing this action [were] questionable." Dkt. 46, at 2. Defendants allege that Michael "had to know she did not have a viable claim, and therefore her pursuit of this litigation imposed an unnecessary burden on the Defendants to defend against this class action." *Id*. Michael opposes the motion outright and contests the amount of fees requested, asserting that while the Court may have ultimately ruled against her, she had a legitimate basis for her suit.

### III. ANALYSIS

In general, each party to a lawsuit bears its own attorney fees unless Congress has provided otherwise through statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).

Under 29 U.S.C. § 1132(g), the Court, in its discretion, may allow reasonable attorney fees and costs of action to either party after determining that the party has achieved some degree of success on the merits. The Ninth Circuit has determined that the Court shall then consider five factors referred to as the *Hummell* factors: "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees

MEMORANDUM DECISION AND ORDER – 3

sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions." *Simonia v. Glenn*, 608 F.3d 1118, 1121 (9th Cir. 2010) (quoting *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980)). While all five factors are considered, no single *Hummell* factor is necessarily decisive. *Id*. at 1122.

When a defendant/employer requests fees against a plaintiff/employee, the Court should take into account the considerations expressed in *Marquardt* and recognize that the *Hummell* factors very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs. *See Carpenters Southern Cal. Admin. Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984); *Marquardt v. North American Car Corp.*, 652 F.2d 715 (7th Cir. 1981).

In this case, the Court granted summary judgment in favor of the Defendants while simultaneously denying summary judgment for the Plaintiff and entered final judgment in favor of the Defendants. Dkts. 43, 44. Defendants have met the threshold requirement of having some degree of success on the merits, and as such, the Court will consider the *Hummell* factors.

## A. The degree of the opposing parties' culpability or bad faith.

Defendants assert that Michael's lawsuit was unfounded, baseless, and without merit. In support, Defendants rely on various statements from the Court's decision granting summary judgment including Michael's acknowledgment of the 35-year cap. Dkt. 46.

Michael counters by again explaining her underlying legal argument to justify why the reasons she had in bringing the case does not amount to bad faith or culpability.

MEMORANDUM DECISION AND ORDER – 4

Although the Court has ruled against her legal arguments on the underlying claim, the Court agrees that her basis for bringing the case was not bad faith or culpability on her part. The Court did not ultimately find in Michael's favor, but that does not warrant a per se finding that, in hindsight, her action was brought in bad faith. This case revolved around the interpretation of Plan language with each party proposing a different interpretation, and even the Court admitted that "the wording . . .  is a bit difficult to parse through." Dkt. 43, at 11. The Court also acknowledged that the "Plan language arguably suffers from some inadequacies" (Dkt. 43, at 14), so although the outcome was in Defendant's favor, that is not to say Michael brought "baseless claims" in bad faith as Defendant's allege. Dkt. 46, at 5.

It is worth nothing that "culpability of a losing plaintiff significantly differs from that of a losing defendant." *Marquardt v. North Am. Car Corp.*, 652 F.2d 715, 720 (7th Cir. 1981). A losing Plaintiff is not culpable for merely being unable to prove her case. *Id*. Here, where Michael did not act in bad faith in bringing her suit, she is not culpable for failing to win her case on the merits. As such, this factor does not support an award of fees.

**B. The ability of the opposing parties to satisfy an award of fees.**

The Ninth Circuit has advised against awarding fees to "employer/defendants where . . . plaintiffs are individual beneficiaries of an ERISA-qualified plan who seek no more than a recovery of what they believe, rightly or wrongly, to be their just benefits." *Tingey v. Pixley-Richards West, Inc.,* 958 F.2d 908, 909 (9th Cir. 1992). The Defendant's claim that because there is nothing in the record to suggest that Michael could not satisfy an award of legal fees means that this is a neutral factor; however, this assumption fails to

take into account Ninth Circuit precedent that favors plaintiff/employees. The Court has no reason to disagree with the precedent that this factor weighs in favor of the Plaintiff against awarding fees.

## C. Whether an award of fees against the opposing parties would deter others from acting under similar circumstances.

The Ninth Circuit has concluded that the third and fourth *Hummell* factors are generally "more appropriate to a determination as to whether to award fees to a plaintiff than a defendant." *Tingey v. Pixley-Richards West, Inc.*, 958 F.2d 908, 910 (9th Cir. 1992) (cleaned up). Defendants argue that because Michael was purportedly acting on behalf of others similarly situated, the analysis should change to "discourage any such future litigants from 'relentlessly pursuing groundless claims,' as Plaintiff did here." Dkt. 46, at 7 (citing *Credit Managers Ass'n of S. California v. Kennesaw Life and Acc. Ins. Co.*, 25 F.3d 743, 748 (9th Cir. 1994)). The Court and counsel agreed early on in this case to first address the merits of Michael's claim and then, if necessary, move to class certification and beyond. Dkt. 43, at 3. This case never made it to class certification and, therefore, Michael was only acting on behalf of herself in this case. Accordingly, it is unnecessary for the Court to decide if a class action warrants a deviation from the general assumption that the third factor is more appropriate when awarding fees to a plaintiff. In this case, the Court decides this factor is neutral.

## D. Whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA.

As previously mention, the fourth *Hummell* factor is also generally more applicable in cases when a plaintiff requests fees. *Tingey,* 958 F.2d at 910. This is because it is

generally "sufficient that plaintiff bears his own attorneys' fees and costs to deter institution of a frivolous or baseless suit." *Marquardt*, 652 F.2d at 721. Defendants argue that this factor is not relevant because "the party requesting fees [Defendants] did not initiate this action and therefore did not seek to benefit plan participants or resolve significant legal issues in this litigation." Dkt. 46, at 8. However, Michael asserts that because she sought to benefit a class of individuals, she should not shoulder the burden of the fees alone. Dkt. 53. As with the third factor, it is relevant here that this case never became a class action. As such, the Court need not consider whether a class action warrants a deviation from the general rule. The Court agrees that the fourth factor is not relevant here and thus neutral in the analysis.

**E. The relative merits of the parties' positions.**

ERISA does not require a party be the prevailing party to be eligible for attorney fees, but the merits of the parties' positions is, nevertheless, relevant. Here, the Court granted summary judgment in favor of Defendants because Michael's proposed Plan interpretation would have required the Court to "ignore one of the main components of the Plan: the 35-year cap, which again has been acknowledged by both sides." Dkt. 43, at 11. The Defendants' interpretation of the Plan was "accurate, supports the purpose of the Plan, and is in the best interest of the Plan participants." *Id*. at 13. This factor supports a grant of fees.

## IV. CONCLUSION

In this case, the Court did not find sufficient basis to support any of Michael's claims and granted summary judgment in Defendants favor. However, there was not bad faith or

MEMORANDUM DECISION AND ORDER – 7

culpability on Michael's part in bringing the suit, and there is no reason to go against the precedent disfavoring awarding fees against a plaintiff/employee in ERISA cases. Although the Defendants did have the more meritorious position and prevailed on the underlying case, they are not entitled to attorney fees.

## V.  ORDER

**IT IS HEREBY ORDERED:**

1.   Defendants' Motion for Attorney Fees (Dkt. 46) is DENIED.

DATED: April 7, 2021

David C. Nye
Chief U.S. District Court Judge